M. T. DESPAIN, Appellee, v. C. E. BALLARD, Appellant.

No. 42467.

SEPTEMBER 18, 1934.

McAdam & Nelson, and Putnam, Putnam, Langdon & Fillmore, for appellant.

F. S. Finley, and F. W. Walters, for appellee.

ANDERSON, J.—The accident out of which this controversy arises occurred about 6:30 a. m., July 16, 1932. The plaintiff was riding in a Ford roadster driven by his son, and was proceeding east. The road upon which the plaintiff was traveling ran east and entered into a north and south road upon which the defendant was driving a loaded truck south; the intersections forming a "T". The east and west road was a dirt road, with about 15 feet traveled surface. The north and south road was graveled approximately 22 feet wide. The Ford roadster made a left turn upon entering the north and south road, and proceeded north about 40 feet, where the collision occurred upon the right-hand side of the north and south road with the right wheels of plaintiff's car near the edge of the ditch or just over the edge. The testimony shows that the defendant was proceeding south, driving upon the extreme east or left side of the graveled roadway. At the time of the collision, the testimony indicates, and the jury would be warranted in so finding, that the Ford roadster was proceeding very slowly and was nearly stopped; that the defendant's truck was being driven at a speed approximating 40 miles an hour; that, when the collision occurred, the Ford roadster was driven or pushed back south 30 or 35 feet; and that both the Ford roadster and the defendant's truck landed with their front wheels in the ditch on the east side of the road.

The plaintiff complains that the defendant was negligent and violated the statutory requirements, in that he was driving his truck at such a speed that he was unable to stop within the assured clear distance ahead, that he was negligent in not having his car under control, and that he was negligent in driving on the left hand side of the highway. There was a trial to a jury, and a verdict was returned, for the plaintiff. Defendant appeals.

The defendant bases his right to a reversal upon two alleged errors: First, that the failure to yield one-half of the traveled portion of the highway in accordance with section 5020 of the Iowa Code constitutes prima facie evidence of negligence only and not negligence as a matter of law, and that the court did not make this differentiation in submitting this ground of negligence to the jury.

Section 5020 of the 1931 Code has been the law of this state since the Revision of 1860, and has been carried down through succeeding Codes, and now appears in the 1931 Code in the following language:

"Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."

The clause "including motor vehicles" was inserted in the former statute by the Thirty-fifth General Assembly (chapter 131) and was retained in the recent revision of the Code, and now appears in the Codes of '24, '27, and '31 in the language quoted above.

It will be noticed that the allegation of plaintiff's petition charging one of his grounds of negligence is that "he was negligent in driving on the left-hand side of the highway." The trial court seems to have assumed in submitting this alleged ground of negligence to the jury that the plaintiff was predicating this ground upon a violation of the statute, section 5020, and refers to the provisions of this section in the instructions in connection with this charge of negligence. It is well to say at this point that it is not negligence to drive upon the left-hand side of a highway in the country. It is the failure to yield one-half of the traveled portion of the highway when meeting another vehicle that constitutes negligence. We have held that the driver of a vehicle has a right to use any part of the road he sees fit, outside of cities and towns, except when meeting another vehicle, when under the provisions of said section 5020 he is required to give one-half of the traveled way by turning to the right. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552.

The trial court in instruction No. 10 submitted to the jury three grounds of negligence; the first being the one we have just mentioned, that is, that the defendant at the time of the accident was driving his truck on the left-hand side of the highway; the second, that the defendant was driving his truck at such a rate of speed that he was unable to stop within the assured clear distance ahead; and, third, that the defendant was negligent in not having his truck under proper control. And, after detailing these three grounds of negligence, the court told the jury that a violation of any of the provisions of law prescribing the manner in which persons driving upon the public highways should drive would constitute negligence.

The defendant-appellant complains of this instruction, and con-

tends that a violation of the statute, section 5020, does not constitute negligence as a matter of law, but only prima facie evidence of negligence. With this contention we must agree. In Kisling v. Thierman, we held:

"It is therefore the law that where an accident occurs outside of cities and towns, the fact that the vehicle is on the wrong side of the road is only prima facie evidence of negligence."

We followed this rule in Ryan v. Perry Rendering Works, 215 Iowa 363, 245 N. W. 301, in which we said:

"Appellant further complains and assigns as error the use of the words, 'Negligence may also consist in doing some act which the law forbids or in the failure to . do that which the law commands,' when read in connection with the first paragraph of instruction 6. His objection is that, by so instructing, the jury were told, and must have so understood, that, if they found that the defendant violated the statutory command by failing to give one-half the traveled way to the plaintiff by turning to the right, the defendant was then guilty of negligence as a matter of law. Under our holding in Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, and in a number of preceding cases, the driving of a vehicle on the wrong side of a country highway is only prima facie evidence of negligence. We think there is merit to the defendant's contention, and that the error complained of was prejudicial."

Again in Scott v. Hinman, 216 Iowa 1126, 249 N. W. 249, we followed and reannounced the same rule, and there held that a failure to differentiate between negligence as a matter of law and prima facie evidence of negligence constitutes reversible rror.

In Lang v. Siddall, 218 Iowa 263, 254 N. W. 783, our prior decisions were all reviewed by Justice Donegan, and the same rule reannounced, and the difference between "negligence" and "prima facie evidence of negligence" is defined and explained. And the giving of an instruction almost identical with the instruction complained of in the case at bar was held prejudicial and reversible error.

The second error of which defendant complains is that the court failed to submit a so-called special defense of the defendant, that the sole and proximate cause of the accident and resulting injuries was the plaintiff's own negligence. We think there is no

merit in this contention, and that a careful reading of the instructions as a whole shows that this defense was properly submitted to the jury.

It follows from what we have said that the trial court erred in giving to the jury instruction No. 10, heretofore mentioned and referred to, and that a reversal must necessarily follow.—Reversed.

MITCHELL, C. J., and EVANS, DONEGAN, KINTZINGER, and STEVENS, JJ., concur.