## BEAN v. REEVES et al.
### No. 4316.

Court of Civil Appeals of Texas. Amarillo.
Dec. 10, 1934.

Rehearing Denied Jan. 7, 1935.

Bean, Duggan & Bean, of Lubbock, for appellant.

V. E. Wilson, of Lubbock, for appellees.

JACKSON, Justice.

This is an appeal from a judgment of the district court of Lubbock county, denying appellant injunctive relief against several officers of the State Highway Department and of Lubbock county.

The agreed statement shows the following: The appellant lives upon and operates a farm in Lubbock county and raises cotton, feed, and live stock thereon. He owns a one-ton Ford truck, which he operates from time to time temporarily on the highways of the state in transporting cotton from his farm to the gin, farm products to the city of Lubbock, and material therefrom to and for use on his farm; but the truck is operated and used exclusively in connection with the business of the farm. He did not register the truck or pay any license fee thereon for the year 1934. The appellees are engaged in enforcing the laws pertaining to the operation of motor vehicles on the highways and threaten to arrest and prosecute appellant or his driver of the machine for the violation of the law if he drives the truck upon the highways without paying the registration tax.

Article 6675a—2, Vernon's Ann. Civ. St., in so far as material to this appeal, provides: "Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof; provided, however, that owners of farm tractors, farm trailers, farm-semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm-tractors, farm-trailers, farm-semi-trailers, or implements of husbandry."

The agreed statement of facts shows that appellant's truck was used exclusively in connection with the business of his farm and was moved and operated but temporarily on the highways and under the interpretation of article 6675a—2 by the Supreme Court in Allred v. J. C. Engleman, Inc., 61 S.W.(2d) 75, 91 A. L. R. 417, the truck was an "implement of husbandry" and exempt from registration fees.

Article 6675a—6 provides for the annual license fees based upon the gross weight and tire equipment of commercial motor vehicles and trucks, but does not require the payment of registration fees on such trucks as are exempted as implements of husbandry by article 6675a—2.

The Forty-Third Legislature, at the First Called Session, p. 82, c. 27, enacted House

Bill No. 53 (Vernon's Ann. Civ. St. art. 6675a—6A) which reads, in part, as follows:

"Section 1. That Section 6, Chapter 88, of the General Laws of the Forty-first Legislature, Second Called Session, be amended by adding thereto Section 6A, reading as follows:

"Section 6A. When a commercial motor vehicle sought to be registered is of gross weight and pounds of from one to six thousand pounds, or from six thousand and one to eight thousand pounds, and consists of a truck without a trailer or semi-trailer, and is to be used by the owner thereof only in the transportation of his own poultry, dairy, live stock, and farm products to market, or to other points for processing, or the transportation by the owner thereof of supplies, from the place of purchase, to his own farm or ranch, exclusively for his own use, the registration license fee, for the weight classifications herein mention[ed], shall be fifty per cent (50%) of the registration fee prescribed for these weight classifications in Section 6, of the Act hereby amended."

The caption to section 6A recites that it is "An Act to amend Section 6, Chapter 88, of the General Laws of the Forty-first Legislature, Second Called Session, by adding thereto Section 6A, so as to reduce registration license fees on commercial motor vehicles, without trailers * * * when same are used exclusively by the owner" for the transportation of farm products, etc. (Acts 1933, 1st Called Sess., c. 27.)

This section was passed as an emergency measure, reciting as a reason therefor that a large number of farmers and ranchmen operating trucks without trailers for the transportation of such farm products to market, etc., were required to pay excessive fees. The caption discloses that the Legislature intended to reduce the registration fees charged to the class of owners and operators therein described, because, as stated in the emergency clause, such fees were excessive. This section does not purport to amend article 6675a—2, by which appellant's truck was exempted.

■■ Since prior to this amendment of section 6, Acts 1929, 2d Called Sess., c. 88 (Vernon's Ann. Civ. St. art. 6675a—6) by section 6A as added by Acts 1933, 1st Called Sess., c. 27, § 1 (Vernon's Ann. Civ. St. art. 6675a—6A), appellant's truck was exempt from all license tax and the amendment was enacted not to create a tax, but to reduce an existing license tax because it was excessive,

the amendment could have no application to appellant. The amendment does not refer to Vernon's Ann. Civ. St. art. 6675a—2, there is no express repeal thereof, and repeal by implication is not favored. Miller et al. v. Smiley et al. (Tex. Civ. App.) 65 S.W.(2d) 417.

■ We conclude that the appellant was entitled to an order enjoining appellees from arresting him and prosecuting him for operating his truck on the highways for the purposes revealed in the agreed statement.

The former opinion is withdrawn, the motion for rehearing overruled, and the judgment reversed and the cause remanded, with instructions to the trial court to issue the injunction sought by appellant.