RAY WILSON, Appellee, v. SAM D. LONG, Appellant.

No. 43203.

April 7, 1936.

Frank S. Lovrien, and James I. Dolliver, for appellant.

Quarton & Miller, for appellee.

Stiger, J.—This is a suit for damages arising out of an automobile accident.

On May 31, 1934, about 2 o'clock in the afternoon, plaintiff was driving his gravel truck east on Kossuth county E highway. As he was approaching an intersection located about one-half mile north and two miles east of St. Joe, Iowa, defendant was approaching said intersection from the south, driving his gravel truck. Plaintiff-appellee alleges that defendant-appellant drove onto Kossuth county E highway, which runs east and west, from the south, turned in a westerly direction on said highway, and failed to pass to the right of and beyond the center of said highway before turning; that there were no buttons, markers, or signs at said intersection directing or indicating any other or different method or manner of turning into said Kossuth county E highway; that in so turning into said highway appellant negligently cut said corner on the left side of said highway directly toward appellee's car, and appellee was compelled to turn his car to the north east and forced to run into a ditch, with resulting damages.

One of appellee's grounds of negligence is as follows:

"2. By negligently and carelessly failing to drive his said truck so as to pass to the right of the center and beyond the center of Kossuth County E. Highway before turning at the intersection of said highway."

With reference to this item of negligence, the trial court gave instruction No. 12, which reads as follows:

"You are told there is another provision of the statute that the operator of a motor vehicle in turning to the left from one highway into another shall pass to the right of and beyond the

center before turning, and you are told that a failure to comply with this provision of the statute would be prima facie evidence of negligence. And if you find in this case that at the time and place mentioned, the defendant in driving through and across the intersection of the two highways at the place of this accident failed to pass to the right of and beyond the center of the intersection before turning, this would be prima facie evidence that he was negligent in so doing, and you should so consider the matter in determining the rights of these parties giving due consideration to all the evidence in the case.

"If, however, you do find that the defendant failed to comply with the requirements of this statute, and do find that in so failing he was negligent, yet the plaintiff would not be entitled to recover damages upon this alleged ground of negligence unless you further find that the failure of the defendant to comply with the statute as above set forth, if he did so fail, was the proximate cause of the accident and injury to the plaintiff and his truck as the term proximate cause has already been defined and explained to you."

The jury returned a verdict for the defendant-appellant.
The appellee filed a motion for a new trial.
The trial court made the following ruling on the motion:

"And now on the 12th. day of April, 1935, the Court having inspected the record, heard the argument of counsel and being fully advised states that after a careful review and consideration of the instructions in this case, we have reached the conclusion that Instruction #12 given by the Court is erroneous and not a correct statement of the law and should not have been given in that form. Having reached this conclusion it is unnecessary to discuss the other questions raised by the motion and no good purpose would be served in so doing.

"The motion of the plaintiff for a new trial is sustained generally and the judgment heretofore entered in the case is canceled, annulled and set aside and the case will stand for retrial.

"To all of which the defendant excepts."

The defendant appealed from this ruling.
The question before us is, Did the trial court err by stating in instruction No. 12 that the violation of the statute would be prima facie evidence of negligence?

Section 5033, 1935 Code of Iowa, reads as follows:

"5033. Turning to right or left into highway. The operator of a motor vehicle * *. * in turning to the left from one street or highway into another, shall pass to the right of and beyond the center before turning, unless a different method of turning is directed by buttons, markers, or signs at intersections, in which event turns shall be made in accordance with the directions of such buttons, markers, or signs."

This statute prescribed the standard of care required of appellant.

We have repeatedly held that a violation of a statute or ordinance fixing a standard of care required under certain circumstances constitutes negligence per se unless a legal excuse for failure to observe the requirements of the statute or ordinance is established.

Appellant's plea was a general denial. He did not plead nor offer to prove a legal excuse for the violation of the statute. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Wood v. Branning, 215 Iowa 59, 244 N. W. 658; Lang v. Siddall, 218 Iowa 263, 254 N. W. 783; Despain v. Ballard, 218 Iowa 863, 256 N. W. 426.

The violation of section 5033 supra, constitutes negligence per se, and the trial court erred in giving instruction No. 12 by stating therein that such violation would be prima facie evidence of negligence. This was reversible error.

Appellant takes the position that the appellee's ground of negligence and instruction No. 12 above set out come within the purview of Code section 5020, which reads as follows:

"Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."

Appellant cites Kisling v. Thierman, supra, and Scott v. Hinman, 216 Iowa 1126, 249 N. W. 249. We quote the following statement from his argument:

"The rule seems to be as laid down by the two cases above cited and it has been followed consistently that, under the former holdings of this Court, a traveler on the highway outside of cities and towns has the right to use any portion of the high-

way he sees fit, except when meeting another vehicle, when he is required to give one-half of the traveled way, and a failure so to do is prima facie evidence of negligence, and we cannot read into the cases any change in the rule.

"The same rule applies to section 5033 as to section 5020."

Unquestionably the appellee's said specification of negligence and instruction No. 12 refer to the standard of care prescribed by section 5033. Obviously they do not refer to section 5020, a violation of which is only prima facie evidence of negligence and is the exception to our rule that a violation of our laws of the road constitute negligence per se.

The trial court properly sustained appellee's motion for a new trial, and the ruling of the court is affirmed.—Affirmed.

DONEGAN, C. J., and MITCHELL, KINTZINGER, PARSONS, ANDERSON, HAMILTON, RICHARDS, and ALBERT, JJ., concur.