JAMES WORTHINGTON, appellee, v. ROBERT McDONALD, appellant.

No. 48653.

(Reported in 68 N.W.2d 89)

JANUARY 12, 1955.

Duffield & Pinegar, of Des Moines, and Frank F. Wilson, of Mount Ayr, for appellant.

Emmet R. Warin, of Mount Ayr, for appellee.

GARFIELD, J.—Following trial to the court without a jury plaintiff had judgment for $1000 for damage to his grain combine from a collision with defendant's gravel truck on a bridge over a stream. Defendant-appellant's sole contention here is that plaintiff was guilty of contributory negligence as a matter of law in violating two statutes.

468

Plaintiff's combine, pulled by a tractor, was moving south and the truck was going north. The left (east) side of the combine came in contact with the side-view mirror and a board six inches wide on the catwalk on the left (west) side of the truck, loaded with gravel. Defendant's driver testified the left side of the combine and left side of the truck "overlapped" about eight inches. The side mirror and outer board on the catwalk are the only parts of the truck that were damaged.

■ Although the case involves the construction of statutes, two fundamental rules have some application here: (1) The trial court's finding that plaintiff was free from contributory negligence has the force and effect of a jury verdict and will not be disturbed if supported by substantial evidence. (2) It is our duty to consider the evidence in the light most favorable to plaintiff. Both rules are so thoroughly settled that authorities to support them need not be cited.

■ I. Defendant first argues plaintiff was contributorily negligent as a matter of law in violating section 321.454, Codes, 1950, 1954, which provides "The total outside width of any vehicle * * * shall not exceed eight feet." Section 321.453 states certain exceptions to 321.454 and other provisions of Code chapter 321. The exception found in 321.453 upon which plaintiff relies is: "The provisions of this chapter governing size * * * shall not apply to * * * implements of husbandry temporarily moved upon a highway * * *."

Code section 321.1(16) says, " 'Implement of husbandry' means every vehicle which is designed for agricultural purposes and exclusively used by the owner thereof in the conduct of his agricultural operations."

Defendant contends plaintiff's combine was not an implement of husbandry within this definition because, it is said, it was not exclusively used by the owner in the conduct of *his* agricultural operations. Defendant also contends the combine was not being *temporarily* moved upon a highway within the meaning of 321.453. The trial court ruled against both these contentions. If, as the trial court held, the combine was exclusively used by plaintiff in the conduct of his agricultural operations and was being temporarily moved upon a highway, the maximum width limitation of eight feet prescribed by section

321.454 does not apply and plaintiff was not negligent as a matter of law in the first respect claimed by defendant.

Further reference to the evidence is necessary at this point. The combine exceeded eight feet in width. Plaintiff testified it was nine feet wide and the tractor to which it was hitched extended at least two feet to the right of the combine. From all the testimony, in the light most favorable to plaintiff, the finding is justified that the maximum width of the combine and tractor was 11 feet or a little more. The bridge is about 20 feet wide and defendant's truck is seven feet, ten inches in width.

Plaintiff is a farmer living a few miles north of the Iowa-Missouri border. He was on his way to a farm occupied by his brother-in-law south of the state line where he expected to combine a 60-acre field of soybeans. It is about 18 miles from plaintiff's farm to his brother-in-law's. Plaintiff was to be paid $6 an acre, $360 in all, for combining the field of beans. Plaintiff's combine was strictly a farm implement used only for combining grain.

Defendant admits this combine is a vehicle designed for agricultural purposes. The evidence points to its use exclusively by plaintiff. There is no testimony it was ever used by any other person. Defendant's argument is that because plaintiff was on his way to do combining for another for pay he was not using the combine "in the conduct of his agricultural operations." The force of the argument is that an "implement of husbandry" must be used exclusively in farming the land owned by or rented to the owner of the implement or in traveling on the highway from one field to another upon such land and cannot be used, even occasionally, upon land farmed by another.

We are unwilling to give the language of section 321.1(16) such a narrow construction as defendant urges upon us. We think it cannot be said as a matter of law plaintiff was not conducting his agricultural operations merely because he was on his way to combine beans for another for pay. The combining of grain, a form of threshing, is certainly an agricultural operation. See Sylcord v. Horn, 179 Iowa 936, 162 N.W. 249, 7 A. L. R. 1285; Spence v. Smith, 121 Cal. 536, 53 P. 653, 66 Am. St. Rep. 62; Cook v. Massey, 38 Idaho 264, 220 P. 1088,

35 A. L. R. 200; State ex rel. Bykle v. District Court, 140 Minn. 398, 168 N.W. 130, L. R. A. 1918F 198; Keefover v. Vasey, 112 Neb. 424, 199 N.W. 799, 35 A. L. R. 191; Lowe v. North Dakota Workmen's Comp. Bureau, 66 N. D. 246, 264 N.W. 837, 107 A. L. R. 973. Plaintiff and no one else was conducting the operation. It was one of his operations.

To adopt defendant's argument would mean the definition in section 321.1(16) does not apply to a farmer's combine or other movable farm implement that he occasionally takes two or three miles to the farm of a neighbor in the exchange of farm work which is so general in Iowa. To be sure the present case may not be analogous to that just supposed. Plaintiff was traveling 18 miles rather than two or three and was to be paid for the use of his combine in money rather than in kind by the return of a service of like value. But it is proper to consider where defendant's argument logically leads us. Very few movable farm implements in this state could qualify as an "implement of husbandry" under section 321.1 (16) if the farmer-owner may not use them occasionally upon a farm of another, even though such use may be for a substantial consideration. It is not too much to require the legislature to express itself more clearly than it has done in 321.1(16) if the statute is intended to have the restricted meaning defendant says it has.

■ It is a fundamental rule of statutory construction that, if fairly possible, a statute will be construed so that unreasonable consequences will be avoided. Schuler v. Holmes, 242 Iowa 1303, 1305, 49 N.W.2d 818, and citations; Saunders v. Iowa City, 134 Iowa 132, 146, 111 N.W. 529, 9 L. R. A., N.S., 392; Castleberry v. Evatt, 147 Ohio St. 30, 67 N.E.2d 861, 863, 167 A. L. R. 198, 202; State v. Surma, 263 Wis. 388, 57 N.W.2d 370, 373; 50 Am. Jur., Statutes, section 377; 82 C. J. S., Statutes, section 326. See also II Lewis' Sutherland on Statutory Construction, Second Ed., section 488, page 910.

To construe section 321.1 (16) as defendant urges us to do would, we think, result in unreasonable consequences never intended by the legislature. We conclude the trial court did not err in the respect claimed by defendant in holding plaintiff's combine was an implement of husbandry as defined by section 321.1(16).

 Nor are we persuaded it was error to hold the combine was being "temporarily moved upon a highway" within the meaning of section 321.453. "Temporarily" is usually defined in dictionaries and decisions as not permanent, for a limited time only, not of long duration, transitory. Its most common antonym is "permanently." It is generally regarded as a relative and comparative term. See Young v. Povich, 121 Maine 141, 116 A. 26, 29 A. L. R. 48, 51; McManus v. Home Ins. Co., 201 Wis. 164, 229 N.W. 537, 538; Moore v. Smead, 89 Wis. 558, 62 N.W. 426, 429; 86 C. J. S., pages 354, 355; 41 Words and Phrases, Perm. Ed., pages 261, et seq.

Under any of these definitions plaintiff's combine was being temporarily moved. If the collision had not occurred the entire trip to the brother-in-law's farm would have taken little more than an hour and a half. The temporary character of the movement is not, in our opinion, necessarily negatived by the fact it was to be for 18 miles. We cannot accept defendant's argument that the only temporary movements of such an implement are from one field to another on the land farmed by the owner of the implement. The language of section 321.453 is not so limited nor is such a construction of the statute reasonably called for.

These authorities, in addition to those last-cited, tend to support our conclusion plaintiff's combine was being temporarily moved upon a highway: Park Transp. Co. v. Missouri State Highway Comm., 332 Mo. 592, 60 S.W.2d 388, 392; Allred v. J. C. Engelman, Inc., 123 Tex. 205, 61 S.W.2d 75, 91 A. L. R. 417, 422; Bean v. Reeves, Tex. Civ. App., 77 S.W.2d 737.

No decision of ours bears directly on defendant's first contention plaintiff was negligent as a matter of law. Both sides cite Wood Bros. Thresher Co. v. Eicher, 231 Iowa 550, 1 N.W.2d 655, which affirms the dissolution of a temporary injunction restraining criminal proceedings to enforce what is now Code section 321.454, prescribing the maximum width of a vehicle or its load. Much of the cited opinion points out the reluctance of equity to restrain criminal proceedings by temporary injunction. However, we go on to say that moving one or more corn-pickers *from the factory, loaded on a truck, when the distance of transportation is without limit,* does not fall within the exception of what is now section 321.453.

472

Our conclusion here is entirely consistent with the Wood Bros. opinion, supra. A practical consideration in that case was that part of the transportation from Des Moines to the borders of the state was at night and the excess width of the loads extended beyond the marginal lights of the trucks. The cited decision points out the distinction between the situation there presented and that now before us in this way (page 561 of 231 Iowa, page 661 of 1 N.W.2d): "There are implements of husbandry which are wider than eight feet. In the operation of farming, it is often necessary that they move or be moved on the highway either to different parts of the farm *or to other farms.* * * * Most farm implements for use in the field operate on wheels. And these reasonably short, temporary movements, just mentioned, are ordinarily accomplished in the same manner on the highways. The trip is usually made in daylight. The movements are slow. They are visible at all times to other motorists on the highways. The dangers of any excess encroachment upon the highway are greatly lessened, in conformity with a primary object of traffic legislation." (Emphasis added.)

No decisions from other jurisdictions directly in point on the matters considered in this Division I have come to our attention.

■ II. Defendant also contends plaintiff was guilty of contributory negligence as a matter of law in violating section 321.298, Codes, 1950, 1954, which provides: "Persons * * * in * * * motor vehicles, meeting each other on the public highway, shall give one half of the traveled way thereof by turning to the right."

It is true plaintiff did not give defendant half the roadway on the bridge. As stated, plaintiff's combine and tractor were 11 feet or more in width and the bridge was only about 20 feet wide. The combine thus occupied at least one foot, probably more, of the west side of defendant's half of the roadway. We hold, however, under the circumstances here plaintiff was not contributorily negligent as a matter of law in violating section 321.298.

A long line of decisions commencing with Riepe v. Elting, 89 Iowa 82, 56 N.W. 285, 26 L. R. A. 769, 48 Am. St. Rep. 356,

holds a violation of what is now section 321.298 (amended to include motor vehicles) is not negligence per se or negligence as a matter of law but is only prima-facie evidence of negligence. Some other earlier precedents are cited in Kisling v. Thierman, 214 Iowa 911, 914, 243 N.W. 552, which holds the violation of statutory rules of the road *other than what is now 321.298* is negligence as a matter of law unless a legal excuse for such violation is shown.

Since our decision in Kisling v. Thierman we have repeatedly adhered to the view that violation of section 321.298 is merely prima-facie evidence of negligence. We have many times reversed trial courts for instructing juries that such violation is negligence, negligence per se or negligence as a matter of law. Cases that support one or both of the statements just made include: Ryan v. Perry Rendering Works, 215 Iowa 363, 367, 245 N.W. 301; Lang v. Siddall, 218 Iowa 263, 254 N.W. 783; Despain v. Ballard, 218 Iowa 863, 256 N.W. 426; Hobbs v. Traut, 218 Iowa 1265, 257 N.W. 320; Hoover v. Haggard, 219 Iowa 1232, 1237, 260 N.W. 540; Bobst v. Hoxie Truck Line, 221 Iowa 823, 826, 267 N.W. 673; Christenson v. Northwestern Bell Tel. Co., 222 Iowa 808, 811, 812, 270 N.W. 394; Bachelder v. Woodside, 233 Iowa 967, 976, 977, 9 N.W.2d 464, 469; In re Estate of Goretska, 234 Iowa 1080, 1083, 13 N.W.2d 432, 434; Langner v. Caviness, 238 Iowa 774, 779, 28 N.W.2d 421, 424, 172 A. L. R. 1135, 1138.

The rule we have adopted, that violation of such a statute as section 321.298 is not negligence as a matter of law, appears to prevail in a majority of the courts. 2 Berry on Automobiles, Seventh Ed., section 2.502, page 595, states: "Most courts hold that the fact that one * * * does not turn * * * to the right * * * when meeting another on the public highway, in violation of a statute, is not conclusive evidence of negligence on his part."

2 Blashfield Cyc. Automobile Law and Practice, Perm. Ed., section 891, page 50, says: "A violation of the law of the road by failing to keep to the right when meeting approaching traffic does not necessarily constitute negligence."

60 C. J. S., Motor Vehicles, section 319, states: "Noncompliance with the rules relative to * * * keeping to the right

and yielding half the road, may be excused by the circumstances of the case."

It is clear from our decisions that violation of section 321.298 may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances, notwithstanding such violation. This seems to be fairly implied from the meaning of the term "prima-facie evidence of negligence." See cases cited last above, also Herdman v. Zwart, 167 Iowa 500, 503, 504, 149 N.W. 631; Sergeant v. Challis, 213 Iowa 57, 62, 238 N.W. 442; Muirhead v. Challis, 213 Iowa 1108, 1114, 240 N.W. 912; Lukin v. Marvel, 219 Iowa 773, 783, 259 N.W. 782; Wolfe v. Decker, 221 Iowa 600, 604, 266 N.W. 4. See too Brinegar v. Green, 8 Cir., Iowa, 117 F2d 316, 321.

There is sufficient evidence here to justify plaintiff's violation of section 321.298 and warrant the finding plaintiff was not contributorily negligent upon the second ground urged by defendant. The bridge is about 206 feet long. The pleadings admit plaintiff traveled approximately 180 feet of this distance before the collision occurred. Plaintiff testified that as he approached the bridge the truck was 70 or 80 rods away. There was no other traffic. Visibility was good. The road was level for at least a half mile in each direction from the bridge. Plaintiff drove carefully upon the bridge. Until just before the collision he stood up on his tractor, watching its right hind axle and the west rail of the bridge and driving as far to his right as he could. As stated, the vehicles "overlapped" not over eight inches, perhaps less. Defendant's driver said it would have been possible for the two vehicles to pass on the bridge without touching.

Of course plaintiff might have stopped just north of the bridge and waited for the truck to travel the intervening 70 or 80 rods before he entered it. The trial court, sitting as a jury, could properly find that is about the only thing he failed to do in an attempt to avoid the collision. But plaintiff was not compelled as a matter of law so to stop and wait. He could reasonably believe there was sufficient time for him to cross the bridge before the truck reached it. Plaintiff could proceed cautiously without being negligent per se.

█ Two well-recognized rules of law, favorable to plaintiff, have application here. First, plaintiff was not bound to anticipate defendant's driver would be negligent. Until plaintiff knew or in the exercise of ordinary care should have known otherwise, he had the right to assume the truck would be driven in compliance with statutory provisions and the exercise of reasonable care. Shinofield v. Curtis, 245 Iowa 1352, 1360, 66 N.W.2d 465, 470, and citations; Leonard v. Mel Foster Co., Inc., 244 Iowa 1319, 1327, 60 N.W.2d 532, 537; Langner v. Caviness, supra, 238 Iowa 774, 780, 28 N.W.2d 421, 424, 172 A. L. R. 1135, 1138, and citations; Jakeway v. Allen, 226 Iowa 13, 19, 282 N.W. 374; 60 C. J. S., Motor Vehicles, section 317; 5 Am. Jur., Automobiles, section 299.

The trial court found a proximate cause of the collision was the excessive speed at which the truck approached the bridge. No complaint is made of this finding. Plaintiff was not required to anticipate such speed.

█ The second rule to which we refer is that where two vehicles are approaching from opposite directions a narrow bridge or other place in the roadway, the vehicle reaching the bridge or place first is usually accorded the right of way across it. Courts have frequently applied this rule in the absence of any statutory provision. See Parrish v. Smith, 102 Colo. 250, 78 P.2d 629; Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594, 596, 597; Baudine v. Teche Transfer Co., 15 La. App. 90, 130 So. 60, 61; Universal Truck Loading Co. v. Taylor, 174 Miss. 353, 164 So. 3, 4; Wilkins v. Davis, 158 Va. 763, 164 S.E. 649; 60 C. J. S., Motor Vehicles, section 315; 2 Blashfield Cyc. Automobile Law and Practice, Perm. Ed., section 904; 3-4 Huddy Automobile Law, section 119, page 193; 2 Berry on Automobiles, Seventh Ed., section 2.509, page 607 ("The one nearer the bridge has the right to cross first unless he has noticed that the other will not yield.").

This from Short v. Robinson, supra (pages 710, 711 of 280 Ky.), a leading case, is pertinent here:

"It is held generally that the vehicle first entering a narrow bridge or space has the right of way and is entitled to proceed,

and it is the duty of the driver of the other vehicle to slacken speed, or, if necessary, to stop.

"* * * And a motorist may assume in the absence of something to put him on notice to the contrary that another he is meeting will conform to the law, and may act upon that assumption in determining his own manner of using the road."

Baudine v. Teche Transfer Co., supra, states at page 91 of 15 La. App.: "The question as to which was the first car to enter upon the bridge * * * plays an important part in determining the culpability of either driver."—Affirmed.

All JUSTICES concur.