Jeffrey L. PRICHARD, Jason S. Prichard and Stewart H. Prichard, Plaintiffs–Appellants,

v.

STATE of Iowa and the Iowa Department of Transportation, Defendants–Appellees,

Jerry D. Prichard, Intervenor–Appellant.

No. 93–1551.

Court of Appeals of Iowa.

Jan. 23, 1995.

Michael Paul Jensen, Onawa, for plaintiffs-appellants.

Sam S. Killinger of Rawlings, Nieland, Probasco, Killinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, for intervenor-appellant.

Carolyn G. Olson, Asst. Atty. Gen., for appellees.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The question in this appeal is whether particular hay grinding equipment fabricated to the specifications of the owners is an implement of husbandry as defined by Iowa Code section 321.1(32). The Iowa Department of Transportation contends it is not, and the district court agreed, determining the grinding equipment is not "vehicles which are designed by agricultural purposes" nor "vehicles which are principally designed for agricultural purposes."

Plaintiffs-appellants Jeffrey L. Prichard, Jason S. Prichard and Stewart H. Prichard and intervenor-appellant Jerry D. Prichard who own and operate such equipment appeal contending the trial court erred and its findings are not supported by substantial evidence. We disagree.

The basic facts are not in dispute. The equipment in question was not designed by a major manufacturer, rather, it was built to specifications of the various appellants. The equipment's component parts include a hay grinder and a straight truck. The hay grinder is permanently mounted or fixed to the frame of a truck described as a straight truck. The equipment is transported to the farm where it is used and once reaching the farm is transported to the stack or bales of hay that are then fed into the hay grinder. The motor that propels the truck is not used to operate the hay grinder. When the actual grinding operation is in progress, a different motor is used.

The truck component, while not necessary for the actual grinding operation, is necessary both to bring the hay grinder to the farm and also to take the hay grinder to that place on the farm where the hay stack or bales are located; therefore, eliminating the need to transport bales sometimes weighing as much as one ton. Also, the equipment, as modified, is not suitable for use as a truck for hauling.

The State advances the fact modifications to the motor truck were made under the appellants' direction rather than being designed by the manufacturer does not convert it into an instrument of husbandry. We do not consider the question of who designed the equipment relevant to our determination. The question is whether the equipment, as designed and fabricated, meets the statutory definition of an implement of husbandry. To hold otherwise would be to say an Iowa farmer could not design his or her own equipment.

Since this action is at law, we review the record to determine if there is substantial evidence to support the decisions of the trial court. *Recruiter, Inc. v. Brenco Automation Ctr.,* 354 N.W.2d 245, 246 (Iowa App.1984). In addition, the evidence is viewed in the light most consistent with the verdict. Further, the trial court's findings of fact have the force of a jury verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We, of course, are not bound by the trial court's application of legal principles or its conclusions of law.

We affirm the trial court on the ground that the vehicle is not "exclusively used . . . by the owner thereof in the conduct of the owner's agricultural operations." Rather, as the trial court found, it is used in the furtherance of Plaintiff's commercial business which consists of doing hay grinding for other farmers. There is substantial evidence in the record to support this finding by the trial court. Consequently, we need not address the question of whether the units in question were designed for agricultural purposes.

The plaintiffs and intervenor (Prichard) claim their three (3) motor trucks to which hay grinders have been added are "implements of husbandry." Implements of husbandry generally are not subject to the provisions of Iowa Code chapter 321E (1993) (Movement of VEHICLES OF EXCESSIVE SIZE AND WEIGHT) which restricts the

movement of oversized vehicles on public highways, except by permit.

The term "implement of husbandry" is defined in the 1993 Iowa Code at section 321.1(32) which provides:

"Implement of husbandry" means every vehicle which is designed for agricultural purposes and exclusively used, except as herein otherwise provided, by the owner thereof in the conduct of the owner's agricultural operations. Implements of husbandry shall also include:

\* \* \* \* \* \*

b. Any vehicle which is principally designed for agricultural purposes and which is moved during daylight hours for a distance not to exceed one hundred miles by a person either:

(1) From a place at which the vehicles are manufactured, fabricated, repaired, or sold to a farm site or a retain seller or from a retail seller to a farm site;

(2) To a place at which the vehicles are manufactured, fabricated, repaired, or sold from a farm site or a retail seller or to a retail seller from a farm site; or

(3) From one farm site to another farm site.

For the purpose of this subsection and sections 321.383 and 321.453, "farm site" means a place or location at which vehicles principally designed for agricultural purposes are used or intended to be used in agricultural operations or for the purpose of exhibiting, demonstrating, testing, or experimenting with the vehicles.

The following definitions are also relevant to the question before us. A "motor truck" is "every motor vehicle designed primarily for carrying livestock, merchandise, freight of any kind, or over nine persons as passengers." Iowa Code section 321.1(41) (1993). A "vehicle" is defined in relevant part as, "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Iowa Code section 321.1(90) (1993).

Applying the above definitions, the Prichards' motor trucks are included in the definition of a "vehicle." Using sections 321.1(32) as our starting point, before a vehicle can be classified as an "implement of husbandry" it must (1) be "designed for agricultural purposes" and (2) it must be "exclusively used, except as herein otherwise provided (by stat-ute), by the owner thereof in the conduct of the owner's agricultural operation." Thus, even assuming the trucks and hay grinders are both designed for agricultural purposes, they cannot be classified as an implement of husbandry for they are not used in the owner's agricultural operations.

Stewart Prichard originally acquired a hay grinder to grind hay only for his own livestock. Then, he began to grind hay for both himself and some neighbors. The Prichards now have a full-fledged custom operation which takes them several hundred miles away from their primary business location. The evidence at trial establishes the hay grinders are used by Prichards primarily in the conduct of *others'* agricultural operations. Stewart Prichard testified he, his sons, and employees take their hay grinders wherever in the state they are needed.

These circumstances alone are sufficient to support the finding of the district court that the Prichards are not using the hay grinders exclusively, or even primarily, in their own agricultural endeavors. Those units are being used in the course of business separate from any agricultural pursuits of their own. Thus, even if the truck/hay grinder units are implements of husbandry, they must fall into the "except as otherwise provided" category of section 321.1(32).

Prichards believe that, as long as they are engaged in farming (the district court found that Stewart Prichard is engaged in farming, but that the record is unclear whether the other parties also farm), their extensive commercial hay grinding business is merely a continuation of their own agricultural operation. They contend, the hay grinders are exclusively used in the conduct of their agricultural operation. We believe the legislature, with the inserting of the words "exclusively used," did not intend such a result.

Both parties refer us to the Iowa supreme court case of *Worthington v. McDonald,* 246 Iowa 466, 68 N.W.2d 89 (1955). When that case was decided, section 321.1(32) in its entirety provided:

"Implement of husbandry" means every vehicle which is designed for agricultural purposes and exclusively used by the owner thereof in the conduct of his agricultural purposes.

The court in *Worthington* emphasized, and we agree, that the legislature did not intend to prevent the *occasional* movement of a

combine towed by a farm tractor (both undisputedly implements of husbandry) a relatively short distance on a public highway to combine crops for a farmer who had hired the service. The court stated:

To adopt defendant's argument would mean the definition in section 321.1(16) does not apply to a farmer's combine or other movable farm implement that he *occasionally* takes two or three miles to the farm of a neighbor in the exchange of farm work which is so general in Iowa. To be sure the present case may not be analogous to that just supposed. Plaintiff was traveling 18 miles rather than two or three and was to be paid for the use of his combine in money rather than in kind by the return of a service of like value. But it is proper to consider where defendant's argument logically leads us. Very few movable farm implements in this state could qualify as an " 'Implement of husbandry' " under section 321.1(16) if the farmer-owner may not use them *occasionally* upon a farm of another, even though such use may be for a substantial consideration. It is not too much to require the legislature to express itself more clearly than it has done in 321.1(16) if the statute is intended to have the restricted meaning defendant says it has.

*Worthington,* 246 Iowa at 470, 68 N.W.2d at 91–92. (emphasis added).

The legislature then expanded the definition of "implement of husbandry" to address *Worthington* types of situations when the owner of farm machinery desires to use it on someone else's farm. Section 321.1(32)(b) allows a person to move an implement of husbandry to a farm as far away as 100 miles, but the vehicle may travel only during daylight hours.

In support of its decision in *Worthington,* the court quoted *Wood Bros. Thresher Co. v. Eicher,* 231 Iowa 550, 1 N.W.2d 655 (1942) as follows:

There are implements of husbandry that are wider than eight feet. In the operation of farming, it it is often necessary that they move or be moved on the highway either in different parts of the farm or to other farms. ... Most farm implements for use in the field operate on wheels. And these *reasonably short, temporary movements* just mentioned are ordinarily accomplished in the same manner on the highways. The *trip is usually made in daylight.* The *movements are slow.* They are *visible at all times to other motorists* on the highways. The *dangers of any excess encroachment upon the highway are greatly lessened, in conformity with a primary object of traffic legislation.*

*Worthington,* 246 Iowa at 472, 68 N.W.2d at 92–93. (emphasis added).

District Commander Jeff Franzen, a DOT enforcement officer, testified that overwidth vehicles are a serious safety concern. They are difficult to see around while passing and, particularly with the configuration of the Prichard hay grinders, oncoming traffic may not see the overwidth portion until the last moment. The hay grinder is as much as 11½ feet wide.

One of the purposes, if not the primary purpose, of legislation relating to the use of highway and roadways by vehicles is to make travel on them as safe as it can reasonably be made consistent with their efficient use. *Wood Bros. Thresher Co. v. Eicher,* 231 Iowa 550, 1 N.W.2d 655 (1942). With a desire to accommodate traffic as fully as possible, consistent with safety, the legislature has fixed the width of a vehicle. *Id.* The legislature also realized that there are vehicles of greater width that must be moved over highways. They have, in turn, carved out specific exceptions, such as implements of husbandry. In addition, they have required the securing of special permits under certain given circumstances.

■ We find Iowa Code section 321.1(32) (1993) was meant to benefit farmers who must move farm equipment upon public highways from one field to another. The Iowa Legislature in its wisdom has recognized the importance of agriculture to rural Iowa and the need to move equipment from place to place. Special provisions have been made for implements of husbandry. The need for such legislation is readily apparent. But we do not believe the legislature ever intended that oversized commercially operated hay grinders could be moved across the state of Iowa at regular highway speeds and at night under the protection of the law relating to implements of husbandry.

The Prichards, of course, are not without legislative assistance. They yet have the benefit of those special provisions of chapter 321E of the Code that are applicable to them.

**AFFIRMED.**

HAYDEN, P.J., concurs.

Sackett, J., dissents.

SACKETT, Judge (dissenting).

I dissent.

The question in this appeal is whether particular hay grinding equipment (Attachment A) fabricated to the specifications of the owners is an implement of husbandry as defined by Iowa Code section 321.1(32). The Iowa Department of Transportation contends it is not, and the district court agreed, determining the grinding equipment is not "vehicles which are designed by agricultural purposes" or "vehicles which are principally designed for agricultural purposes." Plaintiffs-appellants Jeffrey L. Prichard, Jason S. Prichard and Stewart H. Prichard and intervenor-appellant Jerry D. Prichard who own and operate such equipment appeal contending the trial court erred and its findings are not supported by substantial evidence. I agree and would reverse.

The basic facts are not in dispute. The equipment in question was not designed by a major manufacturer, rather, it was built to specifications of the various appellants. The equipment's component parts include a hay grinder and a straight truck. The hay grinder is permanently mounted or fixed to the frame of a truck described as a straight truck. The equipment is transported to the farm where it is used and once reaching the farm is transported to the stack or bales of hay that are then fed into the hay grinder. The motor that propels the truck is not used to operate the hay grinder. When the actual grinding operation is in progress, a different motor is used.

The truck component, while not necessary for the actual grinding operation, is necessary both to bring the hay grinder to the farm and also to take the hay grinder to that place on the farm where the hay stack or bales are located. And, therefore, eliminate the need to transport bales sometimes weighing as much as one ton. Also, the equip-ment, as modified, is not suitable for use as a truck for hauling.

The Iowa legislature, recognizing the importance of agriculture to rural Iowa and the need to move equipment of husbandry from place to place, has made special provisions for implements of husbandry. Implements of husbandry are generally not subject to the provisions of Iowa Code Chapter 321E (1993), which restrict the movement of over-sized vehicles on public highways, except by permits.

The term "implement of husbandry" is defined in Iowa Code section 321.1(32) as follows:

"Implement of husbandry" means every vehicle which is designed for agricultural purposes and exclusively used, except as herein otherwise provided, by the owner thereof in the conduct of the owner's agricultural operations. Implements of husbandry shall also include:

. . . .

b. Any vehicle which is principally designed for agricultural purposes and which is moved during daylight hours for a distance not to exceed one hundred miles by a person either: . . .

It is agreed this particular hay grinding equipment is a vehicle. Iowa Code section 321.1(90) defines a "vehicle" as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway."

It is also agreed hay grinders, standing alone, are principally designed for agricultural purposes. It is without dispute, as fabricated, the equipment's basic purpose is to transport the hay grinder to the hay and then grind the hay.

The State advances the fact modifications to the motor truck were made under the appellants' direction rather than being designed by the manufacturer does not convert it into an instrument of husbandry. I do not consider the question of who designed the equipment relevant to my determination. The question is whether the equipment, as designed and fabricated, meets the statutory definition of an implement of husbandry. To hold otherwise would be to say an Iowa farmer could not design his or her own equipment.

The State's next argument is the equipment is not used exclusively in agriculture because the appellants use it to grind a number of other persons' hay in addition to their own.

The State relies in support of its position on *Worthington v. McDonald*, 246 Iowa 466, 68 N.W.2d 89 (1955). In *Worthington*, the defendant argued the plaintiff's combine was not an implement of husbandry within the statutory definition because it was not used exclusively in the conduct of *his* [plaintiff's] agricultural operations where plaintiff was traveling eighteen miles to his brother-in-law's farm to combine soybeans. *Id.* 246 Iowa at 469, 68 N.W.2d at 91. In *Worthington*, the court said, "We think it cannot be said as a matter of law plaintiff was not conducting his agricultural operations merely because he was on his way to combine beans for another for pay. The combining of grain, a form of threshing, is certainly an agricultural operation" *id.*, and "[w]e cannot accept defendant's argument that the only temporary movements of such an implement are from one field to another on the land farmed by the owner of the implement." In *Worthington*, 246 Iowa at 471, 68 N.W.2d at 92, the court said, "the language of section 321.453 is not so limited nor is such a construction of the statute reasonably called for." *Id.* The court in *Worthington* discussed in dicta that to adopt the defendant's argument would mean that section 321.1(16) does not apply to a farmer's occasional movement of equipment to a neighbor's farm. *Id.* 246 Iowa at 470, 68 N.W.2d at 91. However, the court carefully did not limit or define agricultural operation to farming one's own land but indicated if it were the legislative intent to limit, then the legislature could restrict the meaning. See *id.*

The Iowa legislature has not seen fit to restrict the section and has long recognized the need to move equipment associated with farming operations. The methods and operation of farming have changed with the advent of larger and more expensive machinery and larger areas under the cultivation of one or more persons. This makes individual ownership of all equipment necessary for farming not economically feasible. The evidence at trial was haying involved a number of stages and a number of pieces of equipment and the expense of the equipment required custom operations.

I would reverse.

ATTACHMENT "A"