ALICE M. COLEMAN, Administratrix, Appellant, v. IOWA RAILWAY & LIGHT COMPANY, Appellee.

**TRIAL: Instructions—Correction of Inaccuracy.** Even though an instruction be an inaccurate statement of defendant's liability, yet no prejudicial error remains if, in connection with the inaccuracy, the rule of liability is so clearly and definitely stated that the jury manifestly could not have been misled.

**NEGLIGENCE: Contributory Negligence—Jury Question.** Principle reaffirmed that, under all ordinary circumstances, the issue of contributory negligence is for the jury.

**APPEAL AND ERROR: Waiver of Error.** A litigant may not allow the issues of a cause to be submitted to the jury without complaint, and later assert that he was entitled to a verdict as a matter of law.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

FEBRUARY 7, 1922.

ACTION at law, to recover damages for the death of Charles Coleman, alleged to have been caused by the negligence of the defendant. Judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Samuel A. Anderson, J. E. Holmes,* and *Voris & Haas,* for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson, Johnson & Donnelly, Ralph McLean,* and *John A. Reed,* for appellee.

WEAVER, J.—This action has been twice tried in the district court, and is now before us on a second appeal. On the first trial, there was a directed verdict and judgment for the defendant, a ruling which was reversed by us on the ground that plaintiff had made a sufficient showing to entitle her to go to the jury upon the merits of her claim. See *Coleman v. Iowa R. L. & P. Co.*, 189 Iowa 1063. On the second trial, there was a jury verdict for the defendant, and from the judgment rendered thereon, the present appeal is taken.

The defendant is the proprietor of an electric light plant, furnishing electricity and light to its patrons. One of its service wires was connected with a building owned by plaintiff's intestate, thereby supplying the building with light and power. To make proper connection for said power with a washing machine, the deceased undertook to attach a drop cord or extension in the usual manner, and while in that act, received an electric shock causing his death. This result is alleged to have been brought about by the negligence of the defendant, in that the service wire in question was strung for a distance upon the same poles on which high-tension wires carrying a powerful current were maintained, and that said service wire was strung or maintained in such loose or slack or inefficient manner as to permit it to come in contact with the high-tension wires, thereby conducting a powerful and dangerous current of electricity into the building, and thus exposing to imminent peril of injury and death any person attempting to use the power or light for domestic purposes.

The defendant denies all charges of negligence on its part, and avers that the deceased was himself guilty of contributory negligence.

I. In so far as the case involves disputes upon material matters of fact, they have been decided by the jury adversely to the plaintiff, and it is not within the province of this court, upon appeal, to interfere with such findings. We therefore confine our attention to the alleged errors which plaintiff has assigned upon the rulings of the trial court. These criticisms are directed mainly to the instructions given the jury. It is first said that the court erred in saying to the jury, in substance, that, if they did not

1. TRIAL: instructions: correction of inaccuracy.

find that defendant constructed or placed the service line in the
Coleman house, there could be no recovery of damages. Were
this the only reference by the court to that proposition of fact,
we should be disposed to hold the exception well taken, for
there is no evidence in the record from which the jury could
properly find that defendant did not construct or place the
service line in the building; but we think it clear that, taking
the instruction as a whole, the jury could not have been mis-
led by the phrase to which the appellant objects, for, immedi-
ately following said direction, and with reference to the same
subject-matter, the court proceeded to say that it was not neces-
sary for plaintiff to prove that defendant was owner of the line,
and that, no matter who was the owner of the line, after it was
constructed the company was bound to use ordinary care to so
locate and construct it as to avoid unnecessary danger to those
who might use the current, and that failure so to do would be
negligence. In our judgment, these directions to the jury, taken
in their entirety, involve no prejudicial error.

II. Error is further assigned upon the court's submission
to the jury of the question whether the service wires were prop-
erly strung upon the poles, and whether they were placed with
2. NEGLIGENCE: due regard to liability of their contact with the
contributory neg-
ligence: jury high-tension wires and with limbs of trees. It
question. is the contention of counsel that negligence in
these respects was shown without dispute, and that the court
should have so charged the jury, as matters of law. Without
attempting to recite the testimony of the witnesses on either
side, we are satisfied that this case furnishes no exception to
the general rule that the question of reasonable or proper care
is one of fact, for the determination of the jury. The same is
to be said of the appellant's further contention that the court
should have told the jury, as a matter of law, that deceased
was not chargeable with contributory negligence. As we have
had frequent occasion to say in this class of cases, contributory
negligence is peculiarly a question for the jury. The burden of
showing due care by the injured person is on the plaintiff, and
it rarely occurs that the court is justified in ruling that such
burden has been conclusively satisfied.

III. It is finally urged that the verdict is contrary to the

undisputed evidence and to the instructions of the trial court. There was no motion for a directed verdict by the plaintiff at the close of the evidence, and the act of the court in submitting the issues to the jury, instead of directing a verdict in her favor, affords no ground for assignment of error.

3. APPEAL AND
ERROR: waiver
of error.

Moreover, for reasons already stated, we think that the record as a whole presents a case for the jury, and that there is no showing of reversible error.

The judgment of the district court is, therefore,—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.