ETTA WILKINS, Appellant, v. W. C. HOWELL, Executor, Appellee.

**APPEAL AND ERROR:** Review—Review of Court Findings. An assignment, on appeal, to the effect that, in a trial to the court, the finding ought to have been for appellant, will avail nothing, when the testimony is circumstantial and indefinite.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

OCTOBER 17, 1922.

CLAIM in probate, filed by plaintiff against the defendant, as executor of the estate of Christ Rosenkilde. There was a trial to the court without a jury. The court found the evidence to be insufficient to establish the claim, and disallowed the same. The plaintiff appeals.—*Affirmed.*

*Hughes & Dolan,* for appellant.

*Boyd & McKinley,* for appellee.

EVANS, J.—It will be noted from the foregoing statement that the appellant has little standing ground on which to base error of law. All the errors relied on by appellant for reversal are reducible to the one proposition that the court erred in failing to find for the plaintiff. Appellant's argument is directed largely to the proposition that there was sufficient competent evidence to sustain a finding in favor of the plaintiff on the facts. If this proposition were conceded, it would not avail the plaintiff. The weight of the evidence was for the trial judge to determine. He took the place of the jury in that regard. If the case had been submitted to a jury, and if an adverse verdict had resulted, it would not avail the plaintiff to find that the evidence was sufficient to have sustained a favorable verdict. Her position upon this record is precisely the same as though the case had been submitted to a jury, and a verdict rendered against her. It is conceivable, of course, that evidence might be of such a conclusive character as to entitle the plaintiff to a favorable finding, as a matter of law. Clearly, this is not such a case. The claim is for $525 for services for washing and mending for the decedent and for cleaning his room, extending over a period of five years preceding his death. The evidence offered in support of the claim is circumstantial and indefinite. If the trial judge had allowed the claim thereon, it is very doubtful whether the evidence could have been deemed by us sufficient to sustain such a finding. Needless to say, therefore, it is wholly

insufficient to sustain an interference with a verdict adverse to the claimant. The judgment below is, accordingly,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.