ROLAND P. DEDINA, by his next Friend, ED DEDINA, Appellant, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD CO., Appellee.

No. 42712.

January 14, 1936.

Senneff, Bliss & Senneff and Robert M. Witwer, for appellant.

Blythe, Markley, Rule & Dibble, and Hughes, O'Brien & Faville, for appellee.

RICHARDS, J.—This is an action brought by plaintiff, Roland P. Dedina, a minor, by next friend, for damages on account of personal injuries received at about 9:15 o'clock a. m. on July 23, 1930, when an automobile in which he was riding came into collision with one of defendant's trains. Defendant was a corporation operating a railroad through the town of Plymouth in Cerro Gordo county. On the west side of the town of Plymouth is Broad street running north and south. Defendant's railroad track crosses Broad street and at that point extends in a northeasterly and southwesterly direction. On the morning of the date mentioned, one of defendant's trains was coming from the northeast and proceeding toward the Broad street crossing and at the same time Hazel Dedina, mother of the plaintiff, was driving north on Broad street toward the crossing. The plaintiff, who was four years old, was riding in the rear seat of the automobile. Neither the train nor the automobile stopped at or before reaching the crossing, and while both were in motion, they came into collision upon the crossing, meeting at an obtuse angle, the front end of the automobile coming into collision with the front part of the engine. The collision brought about the injuries for which plaintiff claims damages.

The plaintiff's cause of action is based on the alleged negligence of the defendant in several respects, including the operation of the train at an excessive and unlawful speed, the failure to give warning signal by whistle, the failure to give warning signal by ringing of bell, and the operation of said train at said unlawful and negligent excessive rate of speed, without warning

signal by bell or whistle or by either of them. The court submitted these particulars of alleged negligence to the consideration of the jury. Defendant's answer was a general denial.

Plaintiff assigns as error the giving of a portion of instruction No. 7, being an instruction in which the court advised the jury as to the meaning of the words, "proximate cause." The particular portion of the instruction challenged by plaintiff is in the following words: "It means the actual cause of the collision and direct injuries to the plaintiff resulting therefrom in this case, whether operating directly or by putting in motion other intervening agencies the operation of which could not be reasonably avoided, by which the collision was produced, and this would be the proximate cause to which the collision should be attributed. If you find there was negligence in one or more of the respects charged in the petition, in the operation of defendant's train, without which the collision would not have occurred, and there was no intervening agency to interrupt the responsible connection between such negligent act or acts to cause the collision, and that such intervening cause did not supersede the original wrongful act or omission, and sufficient of itself to stand as the cause of said collision, then the defendant's negligence was the proximate cause thereof. But if as claimed by defendant you find that the lack of care on the part of plaintiff's mother in driving the car upon the crossing did intervene in such a way as to break the connection of the defendant's said acts, as an independent and sufficient cause in and of itself, which produced the said collision, and that the collision would have otherwise not occurred whether or not there was negligence as aforesaid on the part of the defendant, and that none of the negligent acts of the defendant contributed thereto, then the act of the mother was the proximate cause of the injury and not the acts of the defendant."

As his objection to the foregoing, plaintiff claims that the facts in the case are such that the acts of the mother in driving her car to the point of collision with the moving train of defendant, even if negligent, were not an intervening superseding cause at all, but rather her acts were concurring, co-operating with the acts of the defendant to produce the result. Plaintiff's position is that there are no facts on which a jury could find that the acts of plaintiff's mother were those of an intervening agency constituting a superseding cause of harm to the plaintiff

relieving defendant from being liable for its negligence. Plaintiff claims it was error to instruct the jury that the mother's acts could be a superseding agency, as such instruction authorized the jury to base its verdict upon a finding not warranted by the evidence. In the instruction preceding the one we are considering, the court advised the jury as follows: "The defendant claims that the mother of plaintiff was so negligent and careless in driving the car in which plaintiff rode with her at the time of the collision in question, that this was the proximate cause of the injury and not any negligence of the defendant as plaintiff alleges. Upon this, other instructions will follow." It is evidently to this the court makes reference in the seventh instruction in use of the words, "But if as claimed by defendant. * * *" From instruction 7, coupled with the quotation from the preceding instruction, we think the jury could well have understood that they were authorized to find from the evidence that the want of care of plaintiff's mother was an intervening cause of plaintiff's injury, superseding defendant's negligence, if any, breaking the connection of defendant's acts with such injury, and could find that the negligent acts of defendant did not contribute to plaintiff's injury. The jury was instructed that in event of so finding, then the proximate cause would be the mother's acts, and not the acts of the defendant. We are of the opinion that the court was in error in instructing the jury they could so find because the facts are such that, although plaintiff's mother may have been negligent and though her acts may have been an intervening agency, nevertheless her negligent acts were not a superseding cause of plaintiff's injury in the event the jury found defendant guilty of negligence by reason of excessive and unlawful speed of its train. The error was that the instruction permitted the jury to find the mother's negligence was an intervening superseding cause even in the event that the jury found defendant's negligence consisted in excessive and unlawful speed of its train, and the instruction should have restricted its application to such specifications of defendant's negligence as might have warranted the instruction. Our thought and holding that, under the evidence in the record, plaintiff's mother's negligence could not be a superseding cause of plaintiff's injury, in event the jury found defendant's negligence was excessive and unlawful rate of speed of its train, is consistent with the holding in the case of Miller v. Union P. R. Co., 290

U. S. 227, 54 S. Ct. 172, 174, 78 L. Ed. 285, in which the fact situation was analogous to that in the case at bar. That case was one brought against the defendant railroad company for damages by the administrator of the estate of the wife of one Andlauer on account of the death of the administrator's decedent, when an automobile in which she was riding, driven by her husband, came into collision with defendant's train. The action was grounded on defendant's alleged negligence, one specification being that defendant operated its train at an excessive rate of speed. Andlauer, the decedent's husband, attempted to drive the automobile across defendant's railroad track at a highway intersection. As the automobile approached the crossing, there was a plain view for 2,000 feet in the direction from which the defendant's train was approaching. The train struck the automobile and both occupants were killed. There was evidence as to negligence in the operation of the train including dangerous and excessive speed. The argument was advanced by the railroad company that although it was guilty of negligence and though the wife was absolved from the charge of contributory negligence, nevertheless the railroad company was not liable for the death of the wife because under the facts disclosed the proximate cause of the wife's death was not defendant's negligence, but the negligence of the husband in driving upon the track in face of the approaching train. The court said:

"The validity of this contention depends altogether upon whether the negligence of the husband constituted an intervening cause which had the effect of turning aside the course of events set in motion by the company, and in and of itself producing the actionable result. The evidence here does not present that situation. Instead of a remote cause and a separate intervening, self-sufficient, proximate cause, we have here concurrent acts, co-operating to produce the result. As this court pointed out in Washington & G. R. Co. v. Hickey, 166 U. S. 521, 525, 17 S. Ct. 661, 41 L. Ed. 1101 [1102], the vice of the argument consists in the attempt to separate into two distinct causes (remote and proximate) what in reality is but one continuous cause; that is to say, an attempt to separate two inseparable negligent acts which, uniting to produce the result, constituted mutually contributing acts of negligence on the part of the railroad company and the driver of the automobile.

"The negligence sought to be established against the railroad company was not only failure to sound the whistle, but operation of the train at a rate of speed dangerous and unusual, and which necessarily would bring the train into the city at a speed far beyond the limit prescribed by the city ordinance. Assuming, upon these facts, that a finding by the jury that the train was negligently operated would be justified, such negligence continued without interruption down to the moment of the accident. The same is equally true in respect of the contributory negligence of the driver of the automobile. The result, therefore, is that the contributory negligence of the driver did not interrupt the sequence of events set in motion by the negligence of the railroad company or insulate them from the accident, but concurred therewith so as to constitute in point of time and in effect what was essentially one transaction." See, also, case of Washington & G. R. Co. v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. Ed. 1101, cited in the foregoing quotation.

It follows that this case must be and is reversed.

DONEGAN, C. J., and KINTZINGER, PARSONS, HAMILTON, and POWERS, JJ., concur.