JOHN O. JENSVOLD, Administrator, Appellant, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellee.

No. 46361.

DECEMBER 14, 1943.

REHEARING DENIED MARCH 10, 1944.

William J. Kennedy, of New Hampton, and Edward D. Kelly, of Emmetsburg, for appellant.

E. P. Donahue, of New Hampton, and Carr, Cox, Evans & Riley and Hubert C. Jones, all of Des Moines, for appellee.

OLIVER, J.— This action was brought by the administrator of the estate of Alice Knutson against Chicago Great Western Railroad Company for her wrongful death. The railroad line of said company runs north and south through New Hampton. In the north part of said town Milwaukee Street, which runs east and west, crosses said railroad at grade. East of the tracks Milwaukee Street is below the level of the railroad, to which the street slopes upward at the crossing. A high embankment of another railroad which parallels Milwaukee Street on the north obstructs the view to the north of one traveling west on Milwaukee Street toward appellee's tracks, until he nears the top of the slope at the grade crossing. Fifty feet east of the crossing, the street is about five feet lower than the embankment to the north, fifty feet farther east it is about eight feet, and one hundred fifty feet farther east about eleven feet lower than said embankment.

About 8:30 in the evening of January 30, 1941, an automobile, in which Mrs. Alice Knutson was riding as a passenger to New Hampton from her home a few miles east of that town, was struck by appellee's southbound passenger train at the Milwaukee Street crossing. Mrs. Knutson and the driver, the

only occupants of the car, were killed. Mrs. Knutson did not know how to drive an automobile.

Barney Stolfus testified he heard the brakes of the train and noticed it stopped at an unusual point; that he and Elmo Ingels went over to it; that the engineer was walking around the engine with a torch; that the witness saw false teeth, eyeglasses, and a hat upon the pilot and said: "You must have killed somebody," and the engineer said, "I thought we hit somebody"; that the witness and Ingels ran back up the track north and found the two bodies on the east side of the track, about two hundred twenty feet south of the Milwaukee Street crossing; that they were the first to discover the bodies; that later the members of the train crew came back and the conductor said he had to make a report; that the witness remained at the scene about two hours; that he knew of no one who had seen the collision; that "There was nobody that seen it; nobody at all."

Elmo Ingels testified to the same effect concerning what occurred at the engine, the discovery of the bodies, and that he found no one who witnessed the accident.

The deputy sheriff arrived at the train shortly after the accident, went north to where the bodies lay and found Stolfus and Ingels there. He made an investigation and found no one who claimed to have seen the collision.

Stolfus also testified the train stopped a little over four blocks, or about one thousand three hundred feet, south of the Milwaukee Street crossing; that he observed the automobile, and that "It was struck near the right front door the way it looked."

Defendant's accident report to Iowa State Commerce Commission, introduced without objection, states in part:

"Passenger train * * * south bound at speed of 40 miles per hour, struck 1938 Ford sedan moving westward about 20 miles per hour on gravel street in residential district."

An ordinance made it unlawful to operate a railway train in New Hampton at more than ten miles per hour.

At the conclusion of the evidence for plaintiff, defendant moved for a directed verdict upon the grounds of failure to prove decedent's freedom from contributory negligence and

failure to prove defendant's negligence or that its alleged negligence was the proximate cause of the accident. The court sustained the motion generally, judgment was rendered against plaintiff and he has appealed.

I. The question of Mrs. Knutson's contributory negligence will be first considered. It appears no eyewitness observed her conduct just prior to the time of the collision. Under such circumstances the law indulges the inference that the instinct of self-preservation was such as to induce her to exercise ordinary care for her own safety.

Appellee argues that the written report of the railroad company, which states the automobile was moving about twenty miles per hour, indicates it was observed by someone. However, one who observed the speed of the automobile would not necessarily be an eyewitness within the meaning of the rule. He must be one who can say, from his observation, what the deceased did or failed to do in the observance of due care for her own safety. Davidson v. Vast, 233 Iowa 534, 10 N. W. 2d 12; Hayes v. Stunkard, 233 Iowa 582, 10 N. W. 2d 19; Barrett v. Chicago, M. & St. P. Ry. Co., 190 Iowa 509, 175 N. W. 950, 180 N. W. 670.

In open court, counsel for appellee stated a person (apparently one of the train crew) saw the accident and counsel then proffered said person to appellant as a witness. We know of no precedent for such procedure. It was without legal effect. Assuming such person was credible, appellee should have made him its witness, at the proper time.

As to whether there was negligence on the part of the driver of the automobile, which contributed to the collision, we express no opinion. The record shows the view of the approaching train was at least partially obscured by the embankment until the automobile was a relatively short distance from the tracks. Barrett v. Chicago, M. & St. P. Ry. Co., 190 Iowa 509, 175 N. W. 950, 180 N. W. 670. Moreover, the occupants of the automobile, in approaching the crossing under such circumstances, had the right to assume, if it did not appear to the contrary, that appellee would not be operating its trains at a negligent or unlawful speed. Platter v. Minneapolis & St. L. R. Co., 162 Iowa 142, 143 N. W. 992.

A mere passenger in an automobile is not under an absolute duty to see an impending danger in time to interfere and prevent it. Within reasonable limits he may reasonably rely upon the skill and judgment of the driver. This does not absolve the passenger from his duty to use reasonable care, but a court is not privileged to say that the passenger is guilty of negligence because the same degree of vigilance in looking and listening is not exercised as is required of the person having control and management of the vehicle. Whether what the passenger did or failed to do constitutes reasonable care is usually a question for the jury. Bradley v. Interurban Ry. Co., 191 Iowa 1351, 183 N. W. 493; Teufel v. Kaufmann, 233 Iowa 443, 6 N. W. 2d 850; Finley v. Lowden, 224 Iowa 999, 277 N. W. 487.

Under the no-eyewitness rule, the inference of due care will obtain unless "the physical facts and uncontradicted circumstances show that deceased could not have exercised the care required of him at the time of the accident." Platter v. Minneapolis & St. L. R. Co., 162 Iowa 142, 150, 143 N. W. 992, 996; Wilson v. Chicago, M. & St. P. R. Co., 161 Iowa 191, 142 N. W. 54. In the case at bar, as in the Platter case, the inference of due care was aided by evidence of the habits and custom of decedent in exercising care and caution at railway crossings. We are satisfied that under the record in this case the question of Mrs. Knutson's contributory negligence was for the jury. Gray v. Chicago, R. I. & P. Ry. Co., 143 Iowa 268, 121 N. W. 1097. See, also, Thomas v. Illinois Central R. Co., 169 Iowa 337, 151 N. W. 387.

II. Evidence that the speed of the train through the residential district of New Hampton was forty miles per hour was supplemented by proof that it traveled one thousand three hundred feet after the accident. Such a rate of speed would be unlawful under the ordinance. No speed of a train is in and of itself negligence except where contrary to statutes or ordinances, but any speed may constitute negligence, if, under the circumstances, reasonable prudence calls for a lesser speed. Finley v. Lowden, 224 Iowa 999, 277 N. W. 487; Wright v. Chicago, R. I. & P. R. Co., 222 Iowa 583, 268 N. W. 915; Grafton v. Delano, 175 Iowa 483, 154 N. W. 1009. It is clear this

ground of appellee's motion for directed verdict should have been overruled.

III. The question whether the speed of the train was the proximate cause of the accident was also for the jury. It has been directly so determined in cases where liability was predicated upon negligent speed of automobiles. Luse v. Nickoley, 231 Iowa 259, 1 N. W. 2d 205; Coon v. Rieke, 232 Iowa 859, 6 N. W. 2d 309. And there are similar inferential holdings in actions against railroads for injuries to passengers in automobiles by trains operated at negligent speeds. Wright v. Chicago, R. I. & P. R. Co., 222 Iowa 583, 268 N. W. 915; and Dedina v. Chicago, M., St. P. & P. R. Co., 220 Iowa 1336, 264 N. W. 566.

The order sustaining appellee's motion for directed verdict was erroneous.—Reversed.

MULRONEY, C. J., and GARFIELD, BLISS, SMITH, HALE, and MANTZ, JJ., concur.