JOHN O. JENSVOLD, Administrator, Appellant, v. CHICAGO
GREAT WESTERN RAILROAD COMPANY,. Appellee.

No. 46659.

MAY 8, 1945.

REHEARING DENIED SEPTEMBER 22, 1945.

William J. Kennedy, of New Hampton, and Edward D. Kelly, of Emmetsburg, for appellant.

E. P. Donahue, of New Hampton, Carr, Cox, Evans & Riley and Hubert C. Jones, all of Des Moines, for appellee.

HALE, C. J.—This is the second appeal of this case. It was first tried in 1943 and verdict directed for defendant. Upon appeal to this court the case was reversed. See Jensvold v. Chicago G. W. R. Co., 234 Iowa 627, 12 N. W. 2d 293. There was a retrial in the district court and at the close of all the testimony defendant moved for directed verdict. The case was submitted to the jury and verdict returned for plaintiff. Thereafter defendant moved for judgment notwithstanding the verdict, which motion was sustained and judgment entered for the defendant. Plaintiff appeals.

The facts in relation to the accident are fully set out in the opinion in the former trial and need not be reviewed here. There were only two grounds of negligence alleged in the petition. The first ground charged common-law negligence in operation of the train at an excessive and dangerous rate of speed, and the second alleged operation of the passenger train at a speed greater than permitted by New Hampton Ordinance No. 107, which limited the speed of passenger trains within the town limits to ten miles per hour. Except as to the offer of the certificate of the Iowa State Commerce Commission, hereinafter referred to, the testimony was substantially the same on the second trial as on the first.

Appellant, in addition to other testimony, offered in evidence a certified copy of the ordinance in question (passed in 1890), which was Exhibit A attached to the petition and appears as the reporter's Exhibit 9. The copy does not show that the

ordinance has been approved by the Iowa State Commerce Commission (formerly the Railroad Commission) at any time since July 4, 1921, the date when the amendment requiring such approval became a law. See chapter 152, Acts of the Thirty-ninth General Assembly, now found in section 5973, Code of 1939.

At the conclusion of appellant's testimony appellee's motion for directed verdict was overruled. Appellee then offered in evidence the certificate noted above, Exhibit 16, as follows:

"State of Iowa, Office of the Iowa State Commerce Commission, ss:

"I, Geo. L. McCaughan, Secretary of the Iowa State Commerce Commission, certify that I have caused a search of the record of this Commission since the year 1921 to be made to determine whether or not this Commission has approved any Ordinance regulating the speed of trains within the corporate limits of New Hampton, Iowa. It is determined from a search of the records by Mr. H. A. Franklin, Safety Engineer, that no such Ordinance has ever been submitted to this Commission for approval nor has such an Ordinance ever been approved by the Iowa State Commerce Commission.

"In Testimony Whereof, witness my signature and the seal of the Commission at Des Moines, Iowa, this 20th day of April, 1943.

Iowa State Commerce Commission

IOWA (s) Geo. L. McCaughan,

[Seal] Secretary"

Appellant objected to the admission of said certificate for the reasons (1) that the same was hearsay (2) that the same was irrelevant and immaterial (3) that the same was incompetent for any purpose whatsoever (4) that it was incompetent, irrelevant, and immaterial, unwarranted and unauthorized by law and (5) that the same was further incompetent as an opinion and conclusion as well as hearsay. These objections were at that time overruled by the court.

At the conclusion of all the testimony appellee moved for a directed verdict on the following grounds:

"1. That the plaintiff has failed to prove that the defendant was guilty of any act of negligence whatsoever.

"2. That the plaintiff has failed to prove that the defendant was guilty of the negligence alleged in the petition, or any negligence whatsoever, which was the proximate cause of the accident.

"3. That if the jury returns a verdict in favor of plaintiff it would be the duty of the Court to set the same aside.

"4. That the plaintiff has failed to prove that his decedent was free from contributory negligence."

Before the court ruled on said motion appellant withdrew specification one of negligence, being the allegation of common-law negligence. The record does not show any ruling on appellee's motion to direct verdict. The court then set aside its ruling on the admissibility of Exhibit 16, the certificate above referred to, and sustained the objections thereto. A motion by appellee to withdraw specification two of negligence does not show in the record to have been ruled upon. However, the cause was submitted to the jury on the one ground of violation of the ordinance. The jury returned a verdict for appellant.

Thereafter appellee filed its motion for judgment notwithstanding the verdict, which motion recites the fact that appellee moved for directed verdict at the close of all the evidence and reiterates most of the grounds of such motion. The motion further alleges the motion for directed verdict should have been sustained and that the court erred in overruling the same. The second ground of the motion for judgment alleges that the sole ground of negligence relied upon by appellant was the operation of the passenger train at a speed greater than permitted by the New Hampton ordinance offered in evidence by appellant and that the sustaining of appellant's objections to Exhibit 16, the certificate of the Iowa State Commerce Commission, was for the purpose of submission of the case to the jury. There was a prayer for judgment for appellee as provided by Rule 243 of the Iowa Rules of Civil Procedure. To this motion for judgment notwithstanding the verdict appellant filed resistance, alleging that the trial court overruled appellant's objections and admitted said Exhibit 16, but thereafter sustained said

objections, and that to induce the court to refrain from directing a verdict and to submit the case to the jury counsel for appellant withdrew the first specification based on common-law negligence so as to make a record which would permit final disposition of the case on the second appeal. The motion for judgment notwithstanding the verdict was sustained.

We have, therefore, for consideration the question of whether the court erred in sustaining the motion for judgment notwithstanding the verdict. Rule 243, Iowa Rules of Civil Procedure, provides:

"Any party may, on motion, have judgment in his favor despite an adverse verdict, or the jury's failure to return any verdict * * *

"(b) If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the Court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

It is well to note from the foregoing that: (1) There was no objection to the admission in evidence of Exhibit 9, the certified copy of the ordinance. (2) After the motion to direct verdict the case was submitted to the jury on the second specification of negligence only. (3) At the time of the submission of the motion for directed verdict the court by sustaining the objections of appellant to Exhibit 16 removed such exhibit from the record. Therefore, the cause went to the jury on appellant's allegation of negligence by violation of the city ordinance, there being in evidence the certified copy of the ordinance and testimony of witnesses as to the speed of the train being in excess of ten miles per hour, but there was not in evidence at the time of submission any evidence in denial of the validity of the ordinance.

I. But appellee's motion for judgment charges that the court was in error in not sustaining the motion for directed verdict. The only ground of the motion for directed verdict about which there can be any argument is that appellant failed to prove appellee was guilty of any act of negligence whatsoever. We think the record sustains the fact that the train was pro-

ceeding at a speed of more than ten miles per hour and that this was the proximate cause of the death of appellant's decedent. At any rate, there was a question for the jury. But, whether or not it was sufficient for that purpose, the only negligence which was submitted to the jury was the violation of the ordinance. If this were a valid ordinance its violation would constitute negligence per se. Appellant cites in support of this proposition the case of Black v. Chicago G. W. R. Co., 187 Iowa 904, 913, 174 N. W. 774, 777. It is there said:

"* * * if the train was being operated at a greater rate of speed than 6 miles an hour, and in violation of the ordinance, it would constitute negligence."

There can be little question about this rule.

II. Appellee urges that the sole question to be decided is whether the record shows a valid ordinance, and argues that the burden of proof is upon appellant to establish its validity. Appellant cites Meier v. Chicago, R. I. & P. R. Co., 224 Iowa 295, 275 N. W. 139, as holding that the burden of proof is upon one who assails the validity of an ordinance to establish its invalidity.

In this case the ordinance was admitted without question. Its invalidity was not pleaded. Appellee assumed the burden of proof by offering Exhibit 16, objection to which was finally sustained. Having thus assumed the burden of establishing the invalidity of the ordinance in the district court, it cannot now take a different position on appeal. Russell v. Chicago, M. & St. P. R. Co., 195 Iowa 993, 1002, 191 N. W. 806, 810, 192 N. W. 267, and cases cited. See, also, Benjamin v. Shea, 83 Iowa 392, 395, 396, 49 N. W. 989. In the Russell case it is said:

"Having taken that position in the lower court, and having there assumed that the burden of proof was on defendant, it may not claim for the first time in this court that the burden does not rest upon it. [Citing Benjamin v. Shea, supra.] A party who has tried a case in the lower court on one theory may not mend his hold on appeal, and try it on another theory there * * *."

In the case of Raiche v. Standard Oil Co., 8 Cir., Iowa, 137 F. 2d 446, 449, it is said:

"Having assumed the burden of proof, it was incumbent upon her to discharge it even though in the absence of such assumption such burden might have rested on defendant. [Citing cases.] Having elected to try her case in the trial court on the theory that the burden of proof was upon her, she can not ·on appeal seek reversal on a different or inconsistent theory."

 III. It was not urged on the trial that the burden was upon appellant to establish the validity of the ordinance and appellee in its motion to direct verdict made no specific mention or suggestion that appellant had failed to sustain the burden of proving such validity. In addition, appellee made a motion to withdraw from the consideration of the jury specification of negligence No. 2 (violation of the ordinance) and did not suggest in said motion any reason except that the ordinance operated as a restraint upon commerce and was unreasonable and void. This claim in the motion to withdraw, which was overruled, is not pursued in argument. Also, in the motion to withdraw there was no claim that the ordinance was invalid because not approved by the commission. We have set out in full the motion for directed verdict and the four grounds thereof. Nothing appears therein except the general averment in paragraph two charging failure to prove appellee guilty of negligence. This did not raise the question of the invalidity of the ordinance but was a mere general allegation not containing any specification of the particular point upon which the evidence was wanting. A motion is not sufficient if it fails so to do. The particular ground should be pointed out so that the opposing counsel and the court may be fully apprised of the claim made in such motion. 4 C. J. S. 603, 604, section 302; 3 Am. Jur. 124, section 390.

 IV. Having accepted the ordinance without objection, and having assumed the burden of contesting its validity by offering Exhibit 16, and in no other manner making specific objection to the ordinance by motion to direct verdict or motion to strike, but urging a different theory in the latter, appellee cannot now offer for our review a new and different defense

for one which it had in effect abandoned in the district court, and cannot now for the first time raise in this court the question of burden of proof. Appellee here is raising a question not presented to the district court. This court has uniformly held that this cannot be done. See In re Estate of Sarbaugh, 231 Iowa 320, 324, 1 N. W. 2d 105, 106, citing and quoting from Conkling v. Standard Oil Co., 138 Iowa 596, 600, 116 N. W. 822, 824:

" 'Moreover, the case must be considered in this court following the line of the theory on which it was tried in the court below; and this we feel constrained to say, although the point is not made by counsel for appellee. In justice to the trial court, if on no other ground, we will not permit a party to mend his hold after coming into this court, and seek to advantage himself on grounds not suggested on the trial below.' "

See, also, Weimer v. Lueck, 234 Iowa 1231, 1239, 15 N. W. 2d 291, 295:

"The proposition stated in the assignment of error was not submitted to or decided by the trial court. It therefore cannot be considered here. This court has held so many times that a question not presented to and not passed upon by the trial court cannot be raised or reviewed on appeal that citation of decisions is unnecessary." (Citing cases.)

We must hold that the issue of the invalidity of the ordinance is not before us for consideration.

█ V. The right to a judgment notwithstanding verdict under Rule 243, Iowa Rules of Civil Procedure, is based upon the fact that the movant had moved for a verdict to which he was entitled. But for the reasons given we cannot hold under the record that he was so entitled. Therefore, not having been properly presented to the court on the motion to direct or the motion to withdraw, there is no basis for a judgment notwithstanding verdict and the same should have been overruled.

VI. We are not overlooking the suggestion in the motion for judgment and resistance thereto as to the reasons for the second ruling of the court on the admission of Exhibit 16, which second ruling sustained the objections to such exhibit. What-

ever the reason for sustaining the objections, Exhibit 16 was out of the record, and, we think, properly so. Other matters suggested in argument have been examined but do not affect the questions necessary to a determination of the case.

The case was properly submitted to the jury and the verdict rendered should not be set aside. We must hold that the sustaining of the motion for judgment notwithstanding the verdict was erroneous. The cause should be, and therefore is, reversed and remanded to the district court for judgment for plaintiff on the verdict of the jury and in accordance with this opinion. —Reversed and remanded.

BLISS, GARFIELD, MANTZ, and OLIVER, JJ., concur.

MULRONEY, SMITH, and WENNERSTRUM, JJ., specially concur.

MILLER, J., dissents.

MULRONEY, J. (specially concurring)—I concur in the result but I wish to express my views upon the point which defendant feels should be decided. Defendant argues that since it was incumbent upon plaintiff to prove a valid ordinance, then this included the burden of proving that the ordinance was approved by the commerce commission. Plaintiff feels that the ordinance is presumptively valid and defendant had the burden of proving the lack of approval by the commerce commission.

Upon this issue I would hold with defendant for reasons presently set forth, but I agree with the majority that under the record in this case defendant, without objecting to the ordinance, assumed the burden of proving the lack of approval of the ordinance, and failed in establishing its assumed burden.

The record upon the former appeal shows that the defendant objected to the introduction of the ordinance upon the ground that it was not shown that it had been approved by the commerce commission. The objection was overruled but when the verdict was directed for the defendant the latter could not appeal from this adverse ruling, though defendant could have asserted the ordinance inadmissible as ground for affirmance. Upon the appeal in that case we did not pass upon the correctness of the ruling and the admissibility of the ordinance could

have again been challenged upon the new trial we granted to plaintiff. But no objection was made upon the new trial.

In Meier v. Chicago, R. I. & P. R. Co., 224 Iowa 295, 307, 275 N. W. 139, 146, we stated:

"But one other error assigned needs attention, and that is that the court erred in the admission of certain ordinances, among them one regulating the speed at which trains were permitted to operate within the corporate limits of Davenport. We do not take the time to go into detail with reference to this objection, the chief point of which seems to be that these ordinances did not have the approval of the railroad commission. If we have not mistaken the record, defendant seems to regard its objection to that effect as sufficient to require the trial court to reject this testimony, unless and until the plaintiff assumed and met the burden of proving that every step requisite to the enactment of a valid ordinance had been followed. Without pursuing the legal principles underlying this controversy, the writer of this opinion is of the belief that if there is anything wrong with these ordinances, either in substance or in the method of their adoption, it was up to the defendant to point out wherein."

But the holding in the Meier case was placed upon the ground that the evidence established the fact that plaintiff's decedent was guilty of contributory negligence and I feel the foregoing statement was dictum to which the author of the opinion did not even wish to commit the other members of the court. I feel that the plaintiff, as the one who relies upon the ordinance, had the burden of proving the required approval.

Section 5973, Code of 1939, provides:

"Cities and towns, subject to the approval of the Iowa state commerce commission, shall have power to regulate the speed of trains and locomotives on railways running over the streets or through the limits of the city or town."

Municipalities are legal entities for local governmental purposes and they can exercise only such authority as is conferred by express or implied provisions of law. Van Eaton v. Town of Sidney, 211 Iowa 986, 231 N. W. 475, 71 A. L. R. 820. Here

the authority to enact a speed-regulating ordinance is express but it is conditional. The ordinance must be approved by the commerce commission or it is of no validity. The proof of the power to enact the ordinance was a part of plaintiff's proof of a valid ordinance. The rule is thus stated in 43 C. J. 200, section 199:

"Proof of Authority; Notice of Limitation. The existence of the power or authority of a municipal corporation to act cannot be assumed, but must be made to appear."

Prior to the enactment of section 5973 by the Thirty-ninth General Assembly in 1921 the cities and towns had unlimited authority to regulate the speed of trains within the city or town limits. Section 5973 constituted a legislative limitation on the power to so regulate the speed of a train by ordinance. It was incumbent upon plaintiff to prove that the ordinance he relied upon was within the limited grant of power. The rule is thus stated in 43 C. J. 200, 203, section 199:

"Notice of limitation. All persons are presumed to know the extent of the powers of a municipal corporation, and they act at their peril, *and anyone claiming the benefit of a municipality's act has the burden of showing that it acted within the scope of its authority.*" (Italics supplied.)

Section 5973, insofar as it limits the ordinance-making power of a city or town, is not unlike the authority granted to cities to pass franchise ordinances to electric utilities. See chapter 304, Code of 1939. The cities and towns are given power to adopt franchise ordinances (section 5904) but the ordinance is of no validity unless a majority of the electors vote in favor of it (section 5905). Certainly one claiming benefits under a franchise ordinance would have the burden of proving not only the ordinance adopted by the municipal officers but its approval by the majority of the electors. The Montana court so observed in State ex rel. Billings v. Billings Gas Co., 55 Mont. 102, 109, 173 P. 799, 800. There the city sought the benefit of a rate contained in a franchise ordinance. It appealed from an adverse judgment and the opinion states:

"This case was submitted to the trial court upon an agreed

statement of facts, which fails to disclose the term of years for which the franchise was granted, and likewise fails to show that the application for the franchise was first approved by a vote of the qualified electors. For either or both of these reasons the judgment should be affirmed * * *."

I can see no difference between ordinance-making power that is limited to approval by the majority electors and ordinance-making power that is limited to approval by the commerce commission. The approval must be established by the party seeking the benefit of a valid ordinance. There is authority that one who relies upon an ordinance must prove its publication. See Bartley v. Chicago & E. I. Ry. Co., 216 Ind. 512, 24 N. E. 2d 405, and the same case in 220 Ind. 354, 41 N. E. 2d 805. See, also, 20 Am. Jur. 842, section 993. The rule announced in 9 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Ed., section 6212 is:

"Ordinances, as well as other regulations governing the equipment of vehicles operating upon the street or highway, or prescribing the duties of automobile or street car drivers or engineers of locomotives, are admissible in evidence if there is any evidence making them relevant or material to the issues, and *if their validity and effectiveness are established.*" (Italics supplied.)

Another case somewhat in point is Martin v. Yazoo & M. R. Co., La. App., 181 So. 571, 577, where the state statute provided all ordinances had to be approved by the mayor. An ordinance limiting the speed of trains to six miles an hour was offered in evidence but rejected because, as the opinion states:

"The document offered was and is inoperative as a city ordinance because of the mayor's failure to signify his approval thereof by signing it."

I. concur in the result reached in the majority opinion because the record in this case clearly shows that the ordinance was not objected to and the case was tried on the theory that defendant had the burden of showing the lack of approval of the ordinance. Since the defendant, without objection, assumed

720

this burden, it cannot for the first time in this court claim it should be borne by plaintiff.

I am authorized to state that SMITH and WENNERSTRUM, JJ., join in this special concurrence.