RONALD RUBLE, appellant, v. LEO FRANCIS CARR, appellee.

No. 48240.

(Reported in 59 N.W.2d 228)

JUNE 9, 1953.

 █ 

Stuart & Stuart, of Chariton, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, and A. V. Hass, of Chariton, for appellee.

GARFIELD, J.—Plaintiff, Ronald Ruble, age 20, brought this law action against defendant, Leo Francis Carr, 19, to recover for personal injuries and damage to his Oldsmobile from a head-on collision with a Ford car driven by defendant. The collision occurred about one a.m., February 19, 1951, about five miles east of Chariton on paved U. S. Highway 34. Plaintiff was driving west, defendant east. It is admitted it was very foggy and visibility very limited. Both cars were badly wrecked. Three boys riding with defendant in the Ford all died of injuries received in the wreck. Plaintiff was so injured he remembered nothing that happened between the forenoon of February 18 and March 6.

At the trial to the court without a jury plaintiff relied on circumstantial evidence and a claimed declaration of defendant. Principal evidence for plaintiff are photographs taken by the sheriff soon after the wreck showing the damage to the two cars and their position on the highway. A state highway patrolman described the location of the vehicles following the collision in accord with what the photographs show. In view of plaintiff's loss of memory and death of the three boys defendant is the only living eyewitness to the wreck. (We use the term now without reference to the no-eyewitness rule.) Defendant gave his version of what occurred and there was some other testimony for defendant.

The trial court held defendant was negligent in failing to give half the traveled way by turning to the right in violation

of section 321.298, Code, 1950, but that plaintiff failed to establish his freedom from contributory negligence. Accordingly judgment was entered for defendant. Upon this appeal plaintiff maintains he was entitled to recover as a matter of law because he says his freedom from contributory negligence was conclusively established. He also asserts he was not accorded the full benefit of the no-eyewitness rule.

Perhaps we might properly affirm this case on the ground urged by defendant that, so far as the record shows, plaintiff made no claim in the trial court he was entitled to recover as a matter of law and such contention is first advanced in this court. We prefer however not to dispose of the appeal on the ground suggested.

It is obvious plaintiff assumes a heavy burden in attempting to sustain the contention he was entitled to recover as a matter of law. His burden is much greater than if a jury verdict had been directed against him on the ground the evidence was insufficient and plaintiff were here contending the evidence would support a recovery. Our problem is not whether the evidence was such as to permit recovery but whether it was so conclusive as to *compel* recovery. See Carlson v. Bankers Trust Co., 242 Iowa 1207, 1218, 1219, 50 N.W.2d 1, 8; Davis v. Knight, 239 Iowa 1338, 35 N.W.2d 23; Roth v. Headlee, 238 Iowa 1340, 29 N.W.2d 923; Wilkins v. Howell, 194 Iowa 654, 190 N.W. 1.

The case is not reviewable de novo here but only upon the errors assigned. Rule 334, Rules of Civil Procedure; Davis and Roth cases, supra; In re Estate of Puckett, 240 Iowa 986, 1000, 1001, 38 N.W.2d 593, 600, 601; Haack v. Rodenbour, 234 Iowa 368, 369, 370, 12 N.W.2d 861, 862. The court's findings of fact have the effect of a jury verdict. Ibid.

Plaintiff had the burden to establish his freedom from contributory negligence. In the absence of an admission by his adversary it is not often that one who has the burden on an issue establishes his claim as a matter of law. Cole v. Hartford Acc. & Ind. Co., 242 Iowa 416, 421, 46 N.W.2d 811, 814, and citations; Davis v. Knight, supra, 239 Iowa 1338, 1343, 35 N.W.2d 23, 26, and citations.

The rule just stated is specially applicable where the issue

is one such as contributory negligence which we have held time and again is ordinarily for the jury. Davis v. Knight, supra (at pages 1341, 1342 of 239 Iowa, page 25 of 35 N.W.2d), and citations; Coleman v. Iowa Ry. & L. Co., 192 Iowa 1331, 1333, 186 N.W. 642, 644 (Weaver, J.), where we say: "The burden of showing due care by the injured person is on the plaintiff, and it rarely occurs that the court is justified in ruling that such burden has been conclusively satisfied." See also Brown v. Compton & Roush, Inc., 243 Iowa 665, 670, 53 N.W.2d 164, 167; Weber v. Hansen, 241 Iowa 904, 909, 43 N.W.2d 766, 769; McSpadden v. Axmear, 191 Iowa 547, 551, 181 N.W. 4.

 Since plaintiff contends he would have been entitled to a directed verdict if there had been a jury trial it is our duty to consider the evidence in the light most favorable to the trial court's judgment. Davis v. Knight, supra (at page 1342 of 239 Iowa, page 25 of 35 N.W.2d), and citations. We first consider, without regard to the no-eyewitness rule, the evidence bearing on the issue of plaintiff's freedom from contributory negligence.

 Following the collision the Ford driven by defendant was headed about straight east, parallel with the highway, with its right (south) wheels just south of the center line and its left (north) wheels just north of the yellow, no-passing line in the middle of the north half of the highway. The Ford thus occupied the south half of the north (plaintiff's) lane of the 18-foot highway.

Plaintiff's Olds was headed northwest with its left (south) front and right (north) rear wheels on or very near the center line of the highway. The center line thus bisected the Olds diagonally from left front to right rear so about half the car was on either side of the center. Each car was headed toward the other although, as stated, the Olds was not parallel with the highway. The front ends of the two cars were seven to nine feet apart. Damage to the vehicles indicates the collision was head-on or nearly so.

The trial court found neither car was entirely on its right side of the highway at the time of the collision. There is sufficient evidential support for the finding plaintiff's Olds was

not entirely on its right (north) half of the highway when the cars met. The location of the Olds diagonally across the center line with its left rear on defendant's side of the highway, as above explained, is substantial evidence of this, in addition to the oral testimony of defendant.

There is other evidence plaintiff was not free from contributory negligence. Defendant testified he was watching down the road at all times and that plaintiff's lights were not on when the cars met. This is corroborated by testimony·of a former state highway patrolman that when he reached the scene at 1:15 he examined the interior of the Olds and observed the light switch was off. There is no evidence plaintiff's car was lighted. There is nothing improbable about the testimony its lights were off. Cars are sometimes driven without lights in a heavy fog after dark although of course it is very dangerous.

The trial court further found the demolished condition of both vehicles points to considerable speed of one or both and their location indicates they had about the same speed at the time of impact. This finding too is warranted. Defendant testified the Olds was going fast but he did not see it a sufficient time before the impact to judge how fast.

It is apparent freedom from contributory negligence does not conclusively appear unless the no-eyewitness rule entitles plaintiff to such a holding. We are clear that application of this rule leaves the issue of freedom from contributory negligence one of fact, not of law.

The rule referred to is that where there is no eyewitness and no obtainable direct evidence as to what a decedent did or failed to do by way of precaution at and immediately before his injury there is an inference he was in the exercise of ordinary care for his own safety. Smith v. Darling & Co., 244 Iowa 133, 140, 56 N.W.2d 47, 51, and citations.

The no-eyewitness rule may also apply where the injured person survives but is unable to testify to the occurrence because of amnesia resulting therefrom. Ibid; Prewitt v. Rutherford, 238 Iowa 1321, 1328, 30 N.W.2d 141, 144, and citations. Here, as we have said, plaintiff was afflicted with amnesia as a result of the wreck.

■ Plaintiff contends defendant could not be an eyewitness within the meaning of the rule above-stated because he is the defendant and there are no other surviving eyewitnesses. He cites no authority that supports the contention. We held to the contrary in Smith v. Darling & Co., supra, where defendant Sperfslage was the sole surviving eyewitness.

Plaintiff also argues defendant is not an eyewitness within the meaning of the no-cyewitness rule because it is said he did not observe plaintiff's conduct during the material moments before the collision. Defendant testified he saw plaintiff's car in front of him only an instant before the impact, "just like it dropped out of the sky in front of me." We are inclined to accept plaintiff's argument, as we think the trial court did, that defendant's opportunity to observe plaintiff's conduct before the collision was so extremely limited that he was not an eyewitness, as that term is generally used in considering the no-eyewitness rule. Davidson v. Vast, 233 Iowa 534, 541, 10 N.W.2d 12, 17, and citations; Hayes v. Stunkard, 233 Iowa 582, 589, 10 N.W.2d 19, 22; Jensvold v. Chicago Great Western R. Co., 234 Iowa 627, 630, 12 N.W.2d 293, 295; Riedesel v. Koch, 241 Iowa 1313, 45 N.W.2d 225. See also Peterson v. Sheridan, 8 Cir., Iowa, 115 F.2d 121.

However, it does not follow that freedom from contributory negligence was conclusively established. Mast v. Illinois Central R. Co., D. C., Iowa, 79 F. Supp. 149, 165 (Judge Graven), affirmed 8 Cir., Iowa, 176 F.2d 157, says of the inference of due care arising from the no-eyewitness rule, "it is not in itself conclusive as to freedom from contributory negligence, but, rather, is to be considered with all the facts and circumstances surrounding the case in determining the issue of contributory negligence." A long list of Iowa decisions is cited to support the statement.

■ We have uniformly held the inference of due care resulting from the no-eyewitness rule may be negatived by the facts and circumstances shown in evidence. See Riedesel v. Koch, supra, 241 Iowa 1313, 1317, 45 N.W.2d 225, 228; Shannahan v. Borden Produce Co., 220 Iowa 702, 710–712, 263 N.W. 39; Azeltine v. Lutterman, 218 Iowa 675, 683, 254 N.W. 854; Boles

v. Hotel Maytag Co., 218 Iowa 306, 312, 253 N.W. 515; Van Gorden v. City of Fort Dodge, 216 Iowa 209, 219, 245 N.W. 736; Merchants Transfer & Stor. Co. v. Chicago, R. I. & P. R. Co., 170 Iowa 378, 396, 150 N.W. 720. See also Mast v. Illinois Central R. Co., supra, and citations, at page 166 of 79 F. Supp.

Indeed we have held in some cases there was contributory negligence as a matter of law although plaintiff at the outset was entitled to the benefit of the no-eyewitness rule. See Van Gorden v. City of Fort Dodge, supra, 216 Iowa 209, 219, 245 N.W. 736, and citations; Hittle v. Jones, 217 Iowa 598, 250 N.W. 689; Mast v. Illinois Central R. Co., supra, 79 F. Supp. 149, 166, and citations.

Although plaintiff was entitled to the benefit of the no-eyewitness rule here the conclusion is warranted that the inference of due care arising therefrom was negatived or rebutted by the evidence, so plaintiff failed to show his freedom from contributory negligence. There is substantial evidence, to which we have referred, that plaintiff failed to give defendant the south half of the traveled way, plaintiff was driving without lights and at an unreasonable speed when visibility was very limited.

The trial court filed what is designated an "opinion." It was doubtless intended as the written findings of fact and conclusions of law required by rule 179, Rules of Civil Procedure. The opinion states defendant's testimony that plaintiff's car showed no lights rebuts the inference of due care arising from the no-eyewitness rule and the court cannot then find plaintiff sustained his burden of showing freedom from contributory negligence. Plaintiff assigns as error what he calls this "holding" of the trial court.

Plaintiff argues defendant's evidence the Olds was not lighted is entitled to no weight because plaintiff says defendant's testimony the Ford was on its right side of the highway at the time of the collision is shown to be completely false by the position of the Ford after the wreck and by the damage to both cars. In other words the argument is that defendant's evidence as to the position of the Ford is shown to be false by these physical facts and therefore his testimony the Olds was

without lights must also be false. It is not claimed the physical facts show plaintiff's car was lighted.

Plaintiff entirely ignores the evidence of the former highway patrolman above referred to which corroborates defendant's testimony the Olds was not lighted. The trial court doubtless considered the patrolman's evidence. Plaintiff's argument further overlooks the fact the position of his Olds after the collision, with about half of it on defendant's side of the pavement, supports in part defendant's testimony as to the Ford's position. It was the trial court's duty to consider all the physical facts, not merely the location of the Ford after the wreck and the damage to both vehicles. At least one important physical fact—location of the Olds after the collision—does not support the argument defendant's testimony as to position of the Ford is completely wrong. The trial court's opinion is not subject to plaintiff's criticism defendant's evidence was accepted as a verity.

Although the trial court might properly have found the inference of due care arising from the no-eyewitness rule was rebutted by defendant's testimony—corroborated by the former patrolman—the Olds was not lighted, we think the holding really is that under all the facts and circumstances freedom from contributory negligence does not appear, notwithstanding the no-eyewitness rule. Such a holding cannot be assailed under this record.

The opinion finds the no-eyewitness rule applicable. It then refers to defendant's evidence the Olds was not lighted, to the physical facts indicating both cars had considerable speed and that the rear of the Olds was almost entirely on the wrong side of the center line and concludes, "In any event, the court cannot find plaintiff has sustained his burden of proof by the preponderance of the evidence as by law required and hence cannot recover." If the holding on the issue of freedom from contributory negligence were based solely on defendant's testimony the Olds was not lighted there was no occasion to refer to the evidence indicating speed and plaintiff's failure to give half the traveled way.

Further, the statement in the opinion to which plaintiff objects is no part of the judgment nor is it essential to it. If the

judgment is right and finds adequate support in findings of fact which cannot be assailed, any error in the judge's reasoning in the opinion is deemed nonprejudicial and entitles plaintiff to no relief here. In re Estate of Hale, 231 Iowa 1018, 1024, 2 N.W.2d 775, 779, and citations; Roth v. Headlee, supra, 238 Iowa 1340, 1348, 29 N.W.2d 923, 927; In re Estate of Tone, 240 Iowa 1315, 1320, 39 N.W.2d 401, 405; Sjulin v. Clifton Furniture Co., 241 Iowa 761, 766, 41 N.W.2d 721, 725. The rule just stated does not apply where the court applies an erroneous rule of law in reaching a decision. See In re Estate of Lundvall, 242 Iowa 430, 435, 46 N.W.2d 535, 538. But that is not shown here.

We think plaintiff's real complaint is that the court did not find for him on the evidence. This was the situation in Davis v. Knight, supra, 239 Iowa 1338, 1353, 35 N.W.2d 23, 31; Roth v. Headlee, supra, 238 Iowa 1340, 29 N.W.2d 923; Wilkins v. Howell, supra, 194 Iowa 654, 190 N.W. 1. See also Brown v. Compton & Roush, Inc., supra, 243 Iowa 665, 53 N.W.2d 164, and Weber v. Hansen, supra, 241 Iowa 904, 43 N.W.2d 766, where in jury-waived cases recovery was denied on the ground of contributory negligence and we affirmed.

Error of law does not appear in any respect urged by plaintiff and the judgment must be—Affirmed.

All JUSTICES concur.