**Herman STORTENBECKER, Plaintiff-Appellee,**

v.

**C. Clint GOOS and Todd Matthew Goos, Defendant-Appellants.**

No. 2–65376.

Court of Appeals of Iowa.

June 30, 1981.

Robert J. Laubenthal of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendant-appellants.

Jon H. Johnson of Leonard & Johnson, Sidney, for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendants appeal from a money judgment for plaintiff and against defendants (on defendants' counterclaim) in accordance with a jury verdict. While plaintiff also filed a notice of appeal relating to damages, he does not assert any claim in his brief or argument and has therefore waived any ground for relief on his appeal. We therefore consider only the several claims advanced by the defendants.

The action grows out of a collision between a tractor, owned by plaintiff and driven by Bernard Baker, and a pick-up truck, owned by defendant, C. Clint Goos, and driven by defendant, Todd Goos. The collision occurred on a road which was slippery and was also narrowed to one lane of travel by a snowdrift.

Plaintiff seeks to recover property damages to his tractor. On defendants' counterclaim, Todd Goos seeks recovery against plaintiff for personal injuries allegedly sustained in the collision, and C. Clint Goos seeks recovery from plaintiff for property damage to his pick-up truck.

I. Defendants' first contention is that the trial court erred in not granting their motion for judgment notwithstanding the verdict on the ground that the negligence of Bernard Baker (driver of plaintiff's tractor) was established as a matter of law and was, as a matter of law, a proximate cause of the collision. We note with respect to this claim that plaintiff admits that Baker, at the time of the collision, was acting in the scope of his employment by plaintiff. It is therefore not disputed that any negligence by Baker would be legally imputed to plaintiff. But conceding this much, we cannot conclude on the present record, that the trial court erred in failing to grant defendants' motion for judgment notwithstanding the verdict.

■ It is well-established that a motion for judgment notwithstanding the verdict is limited to grounds previously raised in a timely motion for directed verdict. *Watson v. Lewis*, 272 N.W.2d 459 (Iowa 1978); *Jensvold v. Chicago, G. W. R. Co.*, 236 Iowa 708, 18 N.W.2d 616 (1945); *Friedman v. Colonial Oil Co.*, 236 Iowa 140, 18 N.W.2d 196 (1945). In the present action, defendants' motion for directed verdict on the issue of negligence of Baker was too general to preserve the principal ground which they are now arguing on appeal. This is the contention that the record shows Baker, as a matter of law, violated the right-of-way doctrine for narrow places in the roadway established in *Worthington v. McDonald*, 246 Iowa 466, 475, 68 N.W.2d 89, 94 (1955). Because this issue was not raised in the motion for directed verdict, it cannot be urged as a basis for predicating error in the ruling on the motion for judgment notwithstanding the verdict.

■ The motion for directed verdict was specific only to the extent the motion asserted "Baker ... would have to be negligent as a matter of law as stated earlier and that proximate cause is there; because but for his negligence, there would not have been a collision. And the record clearly shows [knowledge] of the impending danger and [he] did nothing to avoid it and his lookout was 150 feet, so he's negligent." To the extent this motion may have properly raised the issues of improper lookout and lack of control for the consideration of the trial court, we believe the motion for directed verdict was properly overruled. On the present record these were issues for the trier of fact to determine. *See generally, Weisbrod v. State*, 193 N.W.2d 125, 128 (Iowa 1971); *Matuska v. Bryant*, 260 Iowa 726, 733, 150 N.W.2d 716, 720 (1967).

II. Next defendants contend that the trial court erred in failing to grant their motion for new trial. We consider each of the several grounds argued in this regard as a separate claim of reversible error. One of the claims so made is that the verdict was contrary to the great weight of the evidence. We approach this issue as being one of trial court discretion (see *Lappe v. Blocker*, 220 N.W.2d 570, 572 (Iowa 1974)) and conclude that no abuse of that discretion appears in the present record.

■ III. We next consider defendants' claim that the verdict was contrary to the

trial court's instructions. In this regard, the trial court in instruction no. 19 instructed in part according to the rule announced in *Worthington v. McDonald*, 246 Iowa at 475, 68 N.W.2d at 94, that a vehicle first entering a narrow place in the roadway has the right-of-way. It also instructed in instruction no. 18 that failure to drive on the right-hand side of the roadway as required by section 321.297, The Code, was legally excused if an obstruction made it necessary to drive to the left of center, but that a motor vehicle operator driving to the left of center under such conditions must yield the right-of-way to vehicles approaching from the opposite direction. Admittedly, these two instructions are in conflict on the issue of right-of-way.

In the present case, the physical facts are such that the unobstructed portion of the roadway was on the side of the center line in which east bound traffic should properly have been driving. This would have placed plaintiff's tractor, driven by Baker, on the right-hand side of the center line and the defendants' vehicle on the left-hand side. Under such circumstances, instruction no. 18 required defendants to yield the right-of-way to plaintiff's vehicle. Yet, if defendants' vehicle had entered the narrow area first, which the jury could have found to be the case, instruction no. 19 required plaintiff's driver to yield the right-of-way to defendants' vehicle.

We conclude that instruction no. 18 stated the proper rule to be applied in the present case and was properly given. *Silvia v. Pennock*, 253 Iowa 779, 787, 113 N.W.2d 749, 753 (1962), holds that the narrow place in the road rule applied in *Worthington*, being a common law doctrine, yields to statutory rules. We recognize the possibility that when a court gives inconsistent instructions and a jury returns only a general verdict reversible error may result. *Childers v. McGee*, 306 N.W.2d 778 (Iowa 1981). But such is not the case where, as here, the conflicting instructions are comprised of a correct statement of the law and a conflicting statement which is more favorable to the complaining party than that to which that party was entitled. Defendants made no objection to instruction no. 19 and their objection to instruction no. 18 was without merit. Accordingly, no reversible error occurred.

IV. Next defendants contend that there was no issue for the jury to consider with respect to their negligence in the particulars of maintaining an improper lookout, failing to have their motor vehicle under control, and in driving their motor vehicle at a speed in excess of that which was safe and reasonable under the existing circumstances. We disagree. On the existing record, all of these issues were properly for the trier of fact and the court was correct in so instructing the jury. *See, e. g., Weisbrod*, 193 N.W.2d at 127.

V. Lastly, we consider the defendants' claim that the trial court erred in admitting over objection testimony of a lay witness that he knew of no reason why a vehicle under control could not have passed to the right of the collision scene. Defendants assert this is improper opinion testimony as to lack of control of their vehicle. We disagree. The testimony is more properly characterized as an observation that no facts had been observed by the witness at the scene of the collision which would have prevented defendants' vehicle from yielding the right-of-way to plaintiff's vehicle. As such it is the type of indirect factual testimony approved in *Anderson v. City of Fort Dodge*, 213 N.W.2d 527, 529 (Iowa 1973). We have considered all issues presented and find no basis for reversal.

AFFIRMED.